J. A. POWERS ET AL. v. LUCIAN MINOR, ADMINISTRATOR.

No. 114.

1. Description in Deed—Bounty—Headright.

Under a deed for land patented under a *headright* a recovery can not be had in action for land patented under a *bounty warrant*. In this case it appeared that a patent upon a headright and a bounty warrant for 1280 acres each had been granted to same person upon lands in same county and adjoining each other .................................... 88

2. Estoppel—Recitals in Deed.

Two parties claimed a tract of land, each an undivided one-half under same source. To supply defects in the title one of the claimants obtained a deed from the heirs of the original grantee, they releasing their claim in it to the two claimants. This release recited that the grantors were the heirs of the said grantee. Under such facts, persons holding under the active claimant who had obtained the deed were es-estopped to deny that the makers of the deed were the heirs of the original grantee, as against the plaintiff holding under the other claimant.. 89

**3. Delivery of Deed.**

A deed on its face conveyed the land jointly and equally to Cook and Spofford. Cook obtained the deed but claimed the entire tract under it; *held*, that the delivery to him enured to the benefit of both grantees. The title having vested in both by the delivery of the deed, Cook could not impose conditions upon Spofford so as to defeat the operation of the deed upon its delivery; e. g., that his cotenant pay half the expense of obtaining such deed .................................... 90

Error to Court of Civil Appeals for the Third District, in an appeal from Falls County.

*Walton & Hill* and *Rice & Bartlett*, for plaintiffs in error.—1. The court did not err in submitting to the jury the issue as to whether or not the deed purporting to be from the Walker heirs, of date December 31, 1872, was ever delivered to or accepted by Gardner Spofford, because no deed can take effect or become valid without delivery by the grantor and acceptance by the grantee.

2. The court did not err in giving special charge asked by defendant, to the effect that Spofford took no right under the deed from the Walker heirs unless he accepted it at the time it was offered to him, and unless he complied with the terms on which it was offered, because (1) the law is that a deed becomes operative from the date of its acceptance, and (2) because he could not accept said deed and make it operative without complying with the terms thereof. Tuttle v. Turner, 28 Texas, 773; McLoughlin v. McManigle, 63 Texas, 553; Hubbard v. Cox, 76 Texas, 239; 5 Am. and Eng. Encycl. of Law, 445, et. seq.; 5 Laws. Rights, Rem. and Prac., sec. 2276, and notes; 1 Dev. on Deeds, sec. 288, et. seq.; Tied. on Real Prop., Eng. ed., sec. 812; 4 Kent Com., *454; Younge v. Gilbeau, 3 Wall., 636; Parmelee v. Simpson, 5 Wall., 81.

3. The deed of release from the Walker heirs to Cook and Spofford having been delivered by them to Cook alone, who paid the purchase money therefor, did not operate as a delivery to Spofford, in the absence of evidence showing that the grantors intended it as a delivery to Spofford, or unless Cook was the agent of Spofford, or there was some other confidential relation existing between them. Hannah v. Swaner, 8 Watts, 9; Tewksbury v. O'Connell, 21 Cal., 69; Sheldon v. Erskin, 44 N. W. Rep., 136; 5 Laws. Rights, Rem. and Prac., sec. 2276; 1 Dev. on Deeds, sec. 298.

*L. C. Alexander*, also for plaintiffs in error.

*J. A. Martin* and *D. W. Doom*, for defendant in error.—The deed from the heirs of John H. Walker recited that the land was sold and deeded by John H. Crump and Mrs. Lucinda Walker, both now deceased, as the

administrators of John H. Walker, deceased, by order of the County Court of Fort Bend County, to John H. Walker (Herndon), for a full and fair consideration, which he paid to them, and which was by them fully accounted for in the administration, and conveyed to Gustave Cook and Gardner Spofford in equal interest; reciting further, "they having purchased the same from John H. Herndon, and that the said land is situated on the waters of Big Creek in Falls County, Texas, adjoining a tract of land originally granted to said Walker, and sold by the said administrators at the same time to William Mitchell; and this release is executed at the request of the said Gustave Cook and Gardner Spofford, in order to supply them with their chain of title, the original deed of the administrators to John H. Herndon, the purchaser, having been lost or destroyed and not recorded."

Now here is a direct recitation that the property had been conveyed by the administrators of John H. Walker to John H. Herndon. The mistake in the first part of the deed in calling John H. Herndon John H. Walker is corrected by the last part, in which the lost deed is mentioned as the original deed of the administrators to John H. Herndon, the purchaser; and there is the further recitation that Gustave Cook and Gardner Spofford had purchased the same from John H. Herndon, and if these recitations were true, then Gustave Cook and Gardner Spofford owned the land as tenants in common in equal portions, without this deed of conveyance from the heirs of John H. Walker; and Gustave Cook and those claiming under and in privity with him can not claim this deed from the heirs of John H. Walker without being estopped by the recitations in it to deny that the land belonged to Gustave Cook and Gardner Spofford in equal portions. Hardy v. De Leon, 5 Texas, 211; Box v. Lawrence, 14 Texas, 545; Kimbro v. Hamilton, 28 Texas, 560; Hancock v. Lumber Company, 65 Texas, 225; Polk v. Chaison, 72 Texas, 500; Burk v. Turner, 79 Texas, 276; Crane v. Morris, 6 Pet., 598.

It seems to us, therefore, very clear that whether parol evidence is admissible to correct the description contained in the deed from Gustave Cook to John H. Herndon or not, the title of the plaintiff's intestate is good to an undivided one-half interest in the land; first, under the deed from the heirs of John H. Walker to Gustave Cook and Gardner S. Spofford, the delivery of that deed to Gustave Cook being a delivery to both of the grantees mentioned therein; or if this be not true, second, by estoppel as against the heirs of John H. Walker and Gustave Cook, and the defendants claiming under him, by the recitations contained in the deed to the effect that Gardner S. Spofford was the owner of an undivided one-half interest in the land by conveyance from the administrators of John H. Walker's estate.

The question of the delivery of the deed from the heirs of John H. Walker to Gardner S. Spofford was submitted to the jury, and the ques-

tion of estoppel of the heirs of John H. Walker and Gustave Cook by the recitations in the deed was not submitted to the jury, but the instructions asked by the plaintiff submitting that question were refused, and in both of these rulings there was error, for which the judgment of the District Court should be reversed.

BROWN, Associate Justice.—Two tracts of land were patented to John H. Walker, both in the north part of Falls County, on Big Creek, each tract contained 1280 acres, and were located adjoining each other, one by virtue of his headright certificate, and the other by virtue of a bounty warrant.

Walker died, and it seems that there was administration on his estate, and both tracts sold. However, there is no evidence of the proceedings of the Probate Court in the record.

Lucian Minor, administrator of Susan Spofford, deceased, filed suit in the District Court of Falls County against J. A. Powers, Mrs. F. Coone, William Coone, E. D. Schneider, J. W. Waters, and D. W. Bradshaw to recover an undivided half-interest in the tract granted upon the bounty warrant, giving metes and bounds, and alleging that the other defendants owned the other undivided half of the land, praying for partition.

Plaintiff deraigned title as follows:

On the 16th day of January, 1868, Gustave Cook executed to John H. Herndon a deed for a certain tract of land described as follows: "The undivided half of 1280 acres of land situated in the southeast part of Falls County, on the waters of Big Creek, being the headright of John H. Walker, and reference being hereby made to the patent of said Walker for the boundaries and a more particular description of said tract of land."

On January 30, 1868, John H. Herndon executed to Leslie Thompson a deed of trust to secure the Merchants Mutual Insurance Company in the sum of $4486.50 on several tracts of land, one being "640 acres of land, being the undivided half part or moiety of the bounty grant to John H. Walker, granted by the State of Texas to the said Walker, May 20, 1846."

On April 6, 1869, Thompson, as trustee, executed a deed to the Merchants Mutual Insurance Company to the tract of land, among other tracts, situated and being in the county of Falls, "being undivided moiety of the bounty grant of John H. Walker, originally granted to him May 24, 1846, containing 640 acres, the same being the pieces, parcels, and tracts of land conveyed to the said Leslie A. Thompson in trust by the said herein before recited conveyance of the date of 30th of January, 1868."

On May 6, 1870, the Merchants Mutual Insurance Company conveyed to Gardner S. Spofford, among other tracts, "a tract of land in said county of Falls, containing 640 acres, originally granted as bounty to

John H. Walker, being the undivided half of said grant." This deed recites the deed of trust from Herndon to Thompson, and the deed from Thompson to the Merchants Mutual Insurance Company, and refers to them for a more particular description and for title.

On May 22, 1877, Gardner S. Spofford and wife conveyed to Susan S. Spofford, among other tracts, "one tract of land originally granted to John H. Walker, undivided half of 1280 acres, containing 640 acres, being the same land conveyed to the party of the first part by the Merchants Mutual Insurance Company of Galveston, to which deed reference is hereby made for more complete description of the lands hereby conveyed." The patent to the upper Walker survey is number 50, volume 2, and is dated May 20, 1846.

Certain persons claiming to be the heirs of John H. Walker made and delivered to Gustave Cook the following instrument:

"*State of Texas, County of Falls.*—Know all men by these presents, that for and in consideration of the sum of $100 to us in hand paid, and the further consideration herein after stated, we, the undersigned, only heirs of John H. Walker, deceased, late of Fort Bend County, have this day released and relinquished any claim or title which we might have in or to the 1280 acres tract or parcel of land lying and being situated in Falls County, Texas, originally granted and patented to the said John H. Walker, deceased, which tract or parcel of land was sold and deeded by John H. Crump and Mrs. Lucinda Walker, both now deceased, as the administrators of John H. Walker, deceased, by order of the County Court of Fort Bend County, to John H. Walker (Herndon) for a full and fair consideration, which he paid to them, and which was by them fully accounted for in the administration, unto Gustave Cook and Gardner Spofford, in equal interest, they having purchased the same from John H. Herndon. The said land is situated on the waters of Big Creek, in Falls County, Texas, adjoining a tract of land originally granted to the said Walker, and sold by the said administrators at the same time to William Mitchell; and this release is executed at the request of the said Gustave Cook and Gardner Spofford in order to supply them with their chain of title, the original deed of the administrators to John H. Herndon, the purchaser, having been lost or destroyed and not recorded.

" Witness our hands and seals, this the 31st day of December, 1872, using scrolls for seals.

[Signed]                              " JOHN C. WALKER,
                                      "J. W. KEGANS,
                                      " MARGARET A. KEGANS,
                                      " MATILDA W. LEWIS,
                                      " BETTIE WALKER,
                                      " ROBERT GAINES."

When the foregoing instrument was delivered to Cook, no conditions were imposed by the makers upon Spofford as to its taking effect in his favor.   Cook paid the consideration named in the deed, $100, and other expenses, and claimed that Spofford should reimburse him, which was never done.

The defendants claimed all the land in separate tracts under deeds made by Gustave Cook subsequent to the making and delivering of the deed by the heirs of Walker.

The presiding judge of the District Court being disqualified to try the case, the Governor appointed Hon. L. J. Farrar special judge, before whom it was tried.   Upon trial, judgment was given for the defendants for all the land, which judgment was reversed by the majority of the Court of Civil Appeals for the Third District, Justice Key dissenting, upon which dissent this writ of error was sued out.

Plaintiffs in error present the following grounds of objection to the decision of the Court of Civil Appeals:

First.   In sustaining appellant's first assignment of error, which is as follows:   "The court erred in the first paragraph of its charge, wherein the court instructs the jury that the deed from Gustave Cook to John H. Herndon, dated January 16, 1868, did not vest title in Herndon to the land in controversy, and that as matter of law plaintiff could acquire no title to said land under and by virtue of said deed."

The descriptive language in the deed was in all its parts applicable to the headright survey.   There was no conflict in any part of its terms, and none could arise in applying that description to that tract.   The difference between "headright" and "bounty" surveys is well understood in this State, and the language, "the headright of John H. Walker," was a definite and distinct designation of a survey made for Walker by virtue of his headright certificate.   There was a headright grant patented to John H. Walker of 1280 acres, at the place designated, and while there may have been a mistake, there is no uncertainty.   The grant of a headright would not convey a bounty survey, and the court rightly instructed the jury that plaintiff acquired no title to the land in controversy under that deed.

Second.   That the Court of Civil Appeals erred in sustaining appellants' second assignment of error, as follows:   "The court erred in the second paragraph of its charge, wherein the right of plaintiff to recover any part of the land in controversy is limited to the belief that the parties who signed the deed dated December 31, 1872, to Gardner Spofford and Cook, were the only heirs of John H. Walker."

One tenant in common may recover from a stranger to the title the interest of his cotenants as well as his own; but this is a suit by one tenant in common against others alleged to be entitled to half the land in controversy, and in such case one tenant in common can not recover the

entire property from a cotenant, but must show the interest to which he is entitled. In no event could the plaintiff recover the entire tract, when he alleges that defendants are entitled to one-half or any part of it.

As an abstract proposition of law, the charge was correct, but it was not applicable to the facts of this case. Both parties claimed under the deed from the persons claiming to be the only heirs of Walker, and in that deed they were so recited to be. Defendants could not claim under this deed as from the only heirs of Walker, and deny the truth of its recitals as to the plaintiff. It was error to give the charge under the evidence, and the Court of Civil Appeals did not err in so holding.

Third. That the Court of Civil Appeals erred in sustaining the third, fourth, fifth, and sixth assignments of error, as follows:

" 3. The court erred in second paragraph of its charge, wherein an issue is submitted to the jury as to whether or not the deed from the Walker heirs was delivered to or accepted by Gardner Spofford; because as between the grantors and grantees in said deed there was no evidence to warrant the submission of such an issue, said grantees not being parties to this suit, nor in any way contesting the validity of said deed, and because the said Cook and Spofford being tenants in common, the acceptance of Cook is an acceptance for his cotenant.

" 4. The court erred in the second paragraph of its charge, wherein the jury are instructed, that if Cook advised Spofford of his procurement of the deed from the Walker heirs, and Spofford accepted said deed by complying with the terms proposed by Cook, etc., because there was no evidence before the jury that Cook proposed any terms to Spofford, or stipulated that his rights under the deed should in any way depend upon his complying with any terms or upon any condition.

" 5. The charge of the court is inconsistent and contradictory in this: Although in the fifth paragraph of the charge the jury are told that they may look to all the facts and circumstances in evidence in determining the question of delivery of the deed, still in the second paragraph the jury are limited in their inquiry to the question whether or not Spofford complied with the terms proposed by Cook.

" 6. The court erred in giving the special charge asked by defendants, to the effect that Spofford took no right under the deed from the Walker heirs, unless he accepted it at the time it was offered to him, and unless he complied with the terms on which it was offered, because there was no evidence to warrant such charges, and because it is not the law of this case."

The foregoing assignments present one question: Did the deed from the heirs of Walker to Cook and Spofford take effect so as to vest title in Spofford ?

The deed conveyed the land jointly and equally to Cook and Spofford. Cook claimed title under the deed, and a delivery to him enured to the

benefit of Spofford.   Cook and those who claim under the deed can not question its validity as a conveyance of the legal title to Spofford.  Glover v. Thomas, 75 Texas, 508.   According to the recitals of the deed, by which defendants are bound, Spofford had a good title before this deed was made.   The former deed, the evidence of title, had been lost, but that did not destroy Spofford's title.   Cook assumed to act for Spofford in procuring this evidence of the title that both had at the time, and his acceptance binds him as to its validity as a conveyance to Spofford.

The deed having taken effect when it was delivered, Cook could not impose any conditions upon Spofford, for the reason that his right vested at the time of the delivery by the grantees, and he could do no act thereafter that would invalidate it, or that would require any act to be done as a condition to the taking effect of a deed which was already in effect.

There was no error in the ruling of the court sustaining these assignments.

The deed from Gardner Spofford to Susan Spofford refers to the deed to him from the insurance company, which refers to the deed from Leslie Thompson to it, which was made by virtue of the deed of trust from Herndon to Thompson, in all of which the land is described as the bounty tract; and the deed from the heirs of Walker to Cook and Spofford recites that Herndon bought land from Walker's administrators, by which the title is fully made out in plaintiff's intestate, independent of the deed from Cook to Herndon.  Under this state of facts, this court might enter judgment for plaintiff; but as there appears to be questions of limitation and valuable improvements involved in the defense, the judgment of the District Court will be reversed and the cause remanded for further proceeding in accordance with this opinion.

*Reversed and remanded.*

Delivered May 31, 1894.