McFADDIN et al. v. JOHNSON. (No. 9.)*
(Court of Civil Appeals of Texas. Beaumont. Oct. 14, 1915. Rehearing Denied Nov. 25, 1915.)

1. BOUNDARIES ⬩⇒3—DESCRIPTION—CONTROL BY METES AND BOUNDS.

Where a deed on its face was not ambiguous as to the description of the land conveyed, there being no conflict in the calls, although the general description of the deed as including a survey was in conflict with the field notes of such survey, the particular description by calls of the land conveyed was not overridden by the general description, since, where a grantor conveys specifically by metes and bounds, so that there can be no controversy about what land is included and really conveyed, a general description cannot control in case of repugnance between the description by metes and bounds and the general description.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. ⬩⇒3.]

2. EVIDENCE ⬩⇒460—PAROL EVIDENCE AFFECTING WRITINGS—DESCRIPTION OF DEED.

Where there was no ambiguity in the description of the land conveyed upon the face of a deed, the calls not being in conflict, but there was a conflict, in that the field notes of the survey named as the land conveyed in fact did not show that such was the case, there was no ambiguity in the description of the land, rendering admissible, in a controversy between the parties, parol evidence to resolve any ambiguity of the deed, since the conflict between the field notes of the survey and the general description did not justify the disregard of the descriptive particulars of the calls, which were clear and unambiguous, and identified the land conveyed as being that of the survey.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. ⬩⇒460.]

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by W. P. H. McFaddin and others against B. J. Johnson. Judgment for defendant, and plaintiff McFaddin appeals. Affirmed.

F. J. & C. T. Duff, of Beaumont, for appellant. Jas. A. Harrison and Watts & Wheat, both of Beaumont, for appellee.

BROOKE, J. This was an action of trespass to try title, brought January 1, 1913, by the appellant and the heirs of V. Wiess. However, the heirs of V. Wiess have not joined in this appeal, and same is being prosecuted by W. P. H. McFaddin alone. The land alleged to have been conveyed by the defendant and his wife to plaintiffs is described in said deed of conveyance as follows:

"The State of Texas, County of Jefferson.

"Know all men by these presents, that we, B. J. Johnson and wife, Jodie Johnson, of the county of Jefferson, state of Texas, for and in consideration of the sum of nineteen hundred four and $50/100$ ($1904.50) dollars, paid by W. P. H. McFaddin and V. Wiess, the receipt whereof is hereby acknowledged, have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said W. P. H. McFaddin and V. Wiess, of the county of Jefferson, state of Texas, all that certain undivided one-half interest in and to the following described property, with exceptions and reservations as hereinafter designated, as follows, to wit:

"A part of the A. Reuss survey, lying and being situate in Jefferson county, Texas, on what is generally known as the Back Ridge, near the town of Sabine Pass, said tract being more particularly described and bounded as follows: Beginning on the west line of the Dennis Gahagan league, a post at the northeast corner of a labor made for A. F. Smith, assignee of Elijah Isaacs; thence north on Gahagan's west line, 886 varas, to stake and mound in prairie; thence south 38 degrees west, 757½ varas, to a stake in salt water marsh; thence south, 886 varas, to stake in marsh; thence north 58 degrees east, at 650 varas prairie, at 757½ varas place of beginning—and same being known as the Cronia Place, containing 119 acres of land, more or less; said land being fully described in deed from T. P. Harris and F. C. McReynolds to B. J. Johnson, which deed is of record in Book 2, page 275, and also in deed from Joe Johnson to B. J. Johnson, which deed is of record in Book Q, page 406, Deed Records of Jefferson County, Texas.

"Excepting and retaining to said grantor, B. J. Johnson, his heirs and assigns, all of the mineral rights in, upon, or under said property herein conveyed, together with the right of ingress and egress, and to operate well-boring and mining machinery, lay necessary pipe lines, etc., and to remove therefrom at any time all oils, gases, ores, or minerals of whatever character; it being intended to reserve to grantor, his heirs and assigns, all oil, gas, and mineral rights of whatever nature, and the right to prospect up-

---

on said premises, develop, and operate such mining rights as fully as if this conveyance were not made.

"Excepting and reserving, also, all of those certain improvements, consisting of a dwelling house and barn, outhouses, and fencing upon and around about five acres of said land; said improvements being known as George Johnson's home.

"To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said W. P. H. McFaddin and V. Wiess, their heirs and assigns, forever, and we do hereby bind ourselves, our heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said W. P. H. McFaddin and V. Wiess, their heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands at Sabine Pass, this 7th day of March, A. D. 1908.

"[Signed] B. J. Johnson.
"Jodie Johnson.

"The State of Texas, County of Jefferson.

"Before me, F. H. Robinson, a notary public in and for Jefferson county, Texas, on this day personally appeared B. J. Johnson, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office, this 7th day of March, A. D. 1908.

"[Signed] F. H. Robinson,
"Notary Public in and for Jefferson County, Texas."

This deed was also properly acknowledged on the 7th day of March, A. D. 1908, by Jodie Johnson, and was filed with the clerk of the county court of Jefferson county for record on the 7th day of March, A. D. 1908.

The defendant answered, first setting up that he was guardian of certain minors, who owned an undivided interest of about 11½ acres in the A. Reuss survey; and, second, save and except as to this undivided interest of 11½ acres, he disclaimed all interest in the A. Reuss survey, except the mineral rights therein, and admitted that the same was the property of the plaintiffs. He further answered, alleging that he was the owner of a tract of 100 acres of land, a part of the Dennis Gahagan and a part of the Stephen Everett subdivision of said Dennis Gahagan survey, adjoining the A. Reuss survey, describing the 100 acres of land as follows:

"Beginning on the Gahagan west line at the southwest corner of said Everett subdivision; thence in an easterly direction with the said Everett's south line to a point a sufficient distance by running due north to said Everett's north line to embrace 100 acres of land; thence north to said Everett's north line; thence west, with said Everett's north line, to his northwest corner on the Gahagan west line; thence south, along said Gahagan west line, to the place of beginning"

—claiming this land by limitation. The defendant further admitted that about five acres of the A. Reuss survey was within his inclosure, but as guardian of the minor children, first named in his petition, he claimed the right to this five acres. He further answered by plea of not guilty and general denial.

The plaintiffs, in reply to this answer, filed their supplemental petition, and especially answered as follows:

"These plaintiffs say it is not true, if defendant means and intends to mean by that portion of his answer that he is the owner of 100 acres of land in the Dennis Gahagan survey, situated in Jefferson county and adjoining the A. Reuss survey, said 100 acres being a portion and part of what is heretofore and has for a long time been known as the Cronia place, and also what has heretofore been known as the B. J. Johnson tract, and in this connection these plaintiffs say that they are the owners of all of the land situated in the A. Reuss or the Dennis Gahagan survey, constituting what has for a long time been commonly and generally known as the Cronia place, said land being the same land bought by these plaintiffs from B. J. Johnson and Jodie Johnson, and is also described in a deed from T. P. Harris and F. C. McReynolds to B. J. Johnson; and these plaintiffs deny that said B. J. Johnson owns any interest whatever in any portion or part of this land, whether situated in the A. Reuss or in the Dennis Gahagan surveys, which was, as aforesaid, known as the Cronia place, or Back Ridge, in Jefferson county, Texas, all of which said land and place is more particularly described in deeds from B. J. Johnson and Jodie Johnson to these plaintiffs."

Plaintiffs further alleged in said supplemental petition that if it be true that any portion of the land is in the Dennis Gahagan survey that it was the intention of the defendant and the said Jodie Johnson, by their deed dated the 7th of March, 1908, and they did by said deed bargain, sell, and convey unto these plaintiffs all of the land constituting what was known as the Cronia place, or Back Ridge, and the B. J. Johnson homestead, as same was described in said deed, and that, if it be true that the said B. J. Johnson had acquired the title to any portion of this land by limitation, it was the intention of said parties to convey said land by the aforesaid deed, and the same was conveyed, and is now the property of these plaintiffs by virtue of said deed.

The defendants filed supplemental answer, in response to plaintiffs' supplemental petition, and alleged that what has always been known as the Cronia place is and was situated on the 119-acre tract of land, part of the A. Reuss survey, and was conveyed by this defendant to the plaintiffs by the deed mentioned in said supplemental petition, and that the defendant does not assert, but disclaims, any right, title, or interest in and to the same, and the defendant, further replying to the said supplemental petition, avers that what is known as the B. J. Johnson homestead tract is situated on the Dennis Gahagan survey, and that no part of it is on the A. Reuss survey, and that no part of the B. J. Johnson homestead tract was conveyed or intended to be conveyed by this defendant to the plaintiffs by said deed of conveyance, and the defendant denies that it was his intention to convey to the plaintiffs by said deed any other land than that situated on the A. Reuss survey, as is evident from the calls in said deed to the plaintiffs, which

call for the land as on the A. Reuss survey, and give the field notes calling for the Dennis Gahagan survey, and making the west boundary line of the Dennis Gahagan survey the east boundary line of the land so conveyed by the defendant to the plaintiffs; and defendant further expressly denied that he ever intended to convey any part of the Dennis Gahagan survey to the plaintiffs by said deed, and says that, in the negotiations leading up to the purchase and conveyance of said land between himself and the plaintiffs to the plaintiffs, this defendant expressly notified and stated to the plaintiffs that he would not convey any land whatever, except that which was upon the A. Reuss survey, and that it never was his intention or purpose to convey any other land than what was on said A. Reuss survey, which intention was well known to the plaintiffs at that time, and denied that he ever at any time intended to convey by said deed of conveyance to the plaintiffs the B. J. Johnson homestead place, or any part of same, and that this intention on his part was well known to the plaintiffs at and before said deed of conveyance was executed and delivered to the plaintiffs.

On the above pleadings a trial was had upon special issues, submitted by the court to the jury, resulting in a verdict and judgment upon their answers, in favor of the defendant. Motion for new trial was presented in due time, and was overruled by the court.

At the outset we are confronted with a motion filed by appellee to strike out and not consider appellant's first assignment of error, and appellee objects to the consideration of the same, because he says that said first assignment violates rule 29 governing Courts of Civil Appeals (142 S. W. xii). We are not prepared to say that the brief is not subject to the criticism offered, but inasmuch as the appellant has only two propositions, which are decisive of the case, we are unwilling to strike out the assignment, and same will be considered.

[1] The appellant undertakes to group the first, second, and eighth sections of paragraph 1 and the fourth, fifth, sixth, and ninth sections of paragraph 2 of plaintiffs' motion for new trial, and asks that the same be considered as one assignment of error. He has two propositions under the assignment, which he presents to this court. The first proposition practically embraces both, and is as follows:

"The plaintiffs having set up in their pleadings that it was the intention of B. J. Johnson and his wife to convey the land known as the Cronia place to them, and that said deed executed by them did in fact convey the land known as the Cronia place, and having introduced evidence tending to establish these allegations contained in their pleadings, the court should have submitted the issue to the jury, under proper instructions, for their determination."

There is no ambiguity in the description of the land upon the face of the deed from appellee to appellants, but it is claimed and earnestly insisted that when we come to apply the description, as contained in the field notes, to the land, that there is an ambiguity; that there is a general description in the deed which is in conflict with the field notes as set out; in other words, that the A. Reuss survey does not include all of the Back Ridge near the town of Sabine Pass, but only a part of the Back Ridge, and that while the house or houses of Cronia, the original settler, was within the particular description in said deed, and was on the A. Reuss survey, that a part of the field of the original settler and of B. J. Johnson was on the Dennis Gahagan league. The facts show that B. J. Johnson first lived in the same house or houses originally occupied by Cronia, and that after the storm of 1885 he moved from that place, and from the A. Reuss survey, over the line on the Dennis Gahagan survey. The facts further show that George Johnson, at the time of the conveyances above set out, still lived on the A. Reuss survey, and his improvements, containing four or five acres and buildings, were on the A. Reuss survey, and were specially excepted from the operation of the deed.

In the construction of an instrument, where there is a particular description by metes and bounds, and there is a repugnance between the particular description in the deed and a general description, it has been held that where a grantor conveys specifically by metes and bounds, so that there can be no controversy about what land is included, and really conveyed, a general description cannot control. A general description may be looked to in aid of a particular description that is defective or doubtful, but not to control or override a particular description, about which there can be no doubt. There can be no doubt about what land appellee conveyed to appellants, whatever he may have intended to convey. Cullers v. Platt, 81 Tex. 258, 16 S. W. 1005.

[2] There is a contention in this case that the description belongs to the class in which parol evidence would be admissible in a controversy between the parties, and to aid the court in solving questions left in doubt by the terms of the deed. There is no conflict in the calls of the deed to justify the disregard of descriptive particulars. Nor does the effort to apply the description to the ground give rise to any sort of ambiguity to be removed by parol evidence showing the intention. Both upon the face of the deed and in its application to the ground, the description is clear and unambiguous, and identifies the land conveyed as being the A. Reuss survey, and as embracing within its lines the house or houses occupied by Cronia. We do not believe that parol evidence can make a deed convey land that it does not

purport to convey, nor prevent it from conveying that which it does clearly purport to convey, and if parol testimony were properly admitted in this case, said testimony does not, in our judgment, raise any doubt that the land as described by metes and bounds in the deed was the land intended by the parties to be conveyed. It has been held that, where the description of a deed is definite and certain, parol evidence that other land than that described was intended to be conveyed is not admissible in trespass to try title; it being only in a suit to correct a deed on the ground of fraud or mistake that its terms can be so varied or contradicted. Yarbrough v. Clarkson, 155 S. W. 955. In support of the views above expressed, the following cases are cited: Culler v. Platt, 81 Tex. 263, 16 S. W. 1003; Boggess v. Allen, 56 S. W. 195; Yarbrough v. Clarkson, 155 S. W. 954; Davis v. George, 104 Tex. 106, 134 S. W. 326, and cases there cited; Bond v. Garrison, 127 S. W. 839; Tate v. Betts, 97 S. W. 707; Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 669; Powers v. Minor, 87 Tex. 83, 26 S. W. 1071.

It follows, from what has been said, that the learned trial judge was correct in his ruling. The appellant's assignment is overruled, and the judgment of the lower court is in all things affirmed.