Coke L. GAGE, Appellant,

v.

Ida Ball OWEN et vir., Appellees.

No. 16968.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 22, 1968.

Rehearing Denied Dec. 20, 1968.

Sewell & Forbis, and James E. Forbis, Decatur, for appellant.

Henry J. Anderson, Wichita Falls, Ernest May, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Appellant Coke L. Gage was the defendant in a Trespass to Try Title case to a suit brought by appellees, Ida Ball Owen et vir., plaintiffs.

The case has once been before us, Gage v. Owen, 396 S.W.2d 189 (Fort Worth Tex. Civ.App., 1965, no writ hist.). At that time the plaintiffs had obtained a summary judgment. We reversed and remanded, holding that upon plaintiffs' primary suit under Trespass to Try Title they failed to show that the defendant (who had filed a plea of not guilty) had no defense thereto other than limitation, their evidence being confined to a showing that title had vested in them by virtue of the statute of descent and distribution and peaceable possession. An additional reason for reversal and remand was that in relation to the defendant's cross-action the plaintiffs had not discharged the negative burden cast upon them (considered as in the position of defend-

ants) of showing, as a matter of law, that the cross-plaintiff had no cause of action for relief by way of reformation of the deed under which he claimed.

The instant appeal is from the judgment rendered upon a trial on the merits. The jury was instructed to return a verdict for the plaintiffs, upon which judgment was entered. The defendant appealed.

Judgment affirmed.

In Gage v. Owen, at page 191 of the Southwestern Reporter, we said: " * * * to meet their burden of showing defendant had no cause of action on his cross-action, it was incumbent upon the plaintiffs below to show first that defendant or his predecessors knew, or in the exercise of ordinary care should have known, of the mistake (in the language of the deed) for the full four-year limitation period, and (2) that the defendant and his predecessors in title had not been and remained in peaceable possession of the land in dispute since the execution of the deed in 1940."

█ On the trial from which the instant appeal is brought the plaintiffs proved the foregoing, as a matter of law, and they had plead the four-year statute of limitation. The trial court held, as applied to the cross-action of the defendant for reformation of the deed in question, that the plaintiffs' plea of limitation was to be sustained. In this the court was correct, especially since the delay of the defendant was not shown to have been attended with some excuse therefor recognizable as equitably sufficient, such as mentioned in Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62 (1959), wherein it was held that the running of the statute might be tolled where the parties were mutually mistaken as to the legal effect (a mistake of law) of instruments of conveyance. See also McClung v. Lawrence, 430 S.W.2d 179 (Tex.Sup., 1968).

Therefore our concern is directed to the propriety of the instructed verdict and judgment under the state of the record made in the trial court as applied to plaintiffs' suit in Trespass to Try Title. Propriety thereof depends upon application of the rules relative to the construction of contracts, particularly deeds. See 13 Tex. Jur.2d, "Contracts", sub. IV, "Construction of Agreement", and the sections thereunder which begin at page 261; 19 Tex.Jur.2d, "Deeds", sub. VIII, "Construction", and the sections thereunder which begin at page 390.

The deed in question reads, as follows:

"THE STATE OF TEXAS }
"COUNTY OF MONTAGUE } KNOW ALL MEN BY THESE PRESENTS:

"That we, Ida Owens, joined by her husband Frank Owens of the County of Washita State of Oklahoma for and in consideration of the sum of Ten and No/100 Dollars to us paid, and secured to be paid, by A. V. Grant as follows: All cash the receipt of which is acknowledged, have granted, sold and conveyed and by these presents do Grant, sell and convey unto the said A. V. Grant of the County of Gregg State of Texas, all that certain land in Montague County, Texas, tract of land, being our undivided interest in the estate of B. B. Ball, deceased, out of the William Marlett survey and beginning at the S.W. corner of the Green Survey; Thence south 450 varas; Thence east 555⅓ vrs; Thence north 450 vrs; Thence West 555⅓ vrs to the place of beginning, being the same land conveyed to B. B. Ball by W. P. Kennedy Sept. 23, 1893, by deed recorded in Vol. 69, page 59, Montague County, Deed Records.

"Second Tract: The southwest quarter of the W. R. Powell survey, abstract 590, * * *."

(The usual warranty language follows.)

Basically, the defendant suggests that since the only land in the W. R. Powell Survey, Abstract 590, owned by the grantors of the deed in question as of the time it was executed was the southeast quarter thereof there was a latent defect or ambiguity demonstrated as existent in the language of the deed whereby it stated that the "Southwest Quarter" of the land of the Survey was thereby conveyed. Certainly there is no question but that the language of the deed reflects an absence of any ambiguity unless evidence is accepted which shows that was only to the Southeast quarter, and not the Southwest quarter, that the grantors possessed any title to realty.

There is little doubt in our minds but that any proper view of the evidence would result in the conclusion that it was the Southeast quarter owned by the grantors which was intended to be conveyed, and not the "Southwest Quarter" stated by its language. At least there would be an issue of fact presented. However, we have already held that limitations settles any right of the defendant to a reformation and the deed must be considered as written, unreformed, and we have concluded that the plaintiffs were entitled to their judgment—against defendant's contention of ambiguity susceptible to be resolved in his favor.

It is not the unexpressed intention which the parties may have had concerning the subject of their transaction which is of controlling effect, but rather the intention which by said instrument they did express. The real intention is immaterial if not expressed. 19 Tex.Jur.2d, p. 400, "Deeds", sec. 111, "Restriction to language of instrument."

It is for parties, and not courts, to make deeds of conveyance. "Men are presumed to be able among themselves to make deeds expressive of their intentions, and, if they fail to do so, or to furnish the means by which their intention can be determined, it would be an usurpation of authority for courts to undertake to make deeds for them." Gorham v. Settegast, 44 Tex.Civ.App. 254, 98 S.W. 665 (Galveston Civ.App., 1906, writ dism.). It is also well settled law that nothing passes by deed except what is described in it, whatever the intentions of the parties might have been. Minor v. Powers, 87 Tex. 83, 26 S.W. 1071 (1894); Dull v. Blum, 68 Tex. 299, 4 S.W. 489 (1887); Harris v. Shafer, 86 Tex. 314, 23 S.W. 979 and 86 Tex. 314, 24 S.W. 263 on rehearing (1893).

In the event of a determinable ambiguity extrinsic evidence is admissible and proper to be considered in resolving the same, but the rule that an uncertain description in a deed may be made certain by the aid of extrinsic evidence has no application where the intention of the parties is to be ascertained by the court as a matter of law from the language used in the writing, without aid of evidence as to the attending circumstances; parol evidence not being admissible to vary or modify the nature or extent of an interest defined by a deed in unambiguous terms. 19 Tex.Jur.2d, p. 416, "Deeds", sec. 120, "Extrinsic evidence—When admissible."

While parol evidence is often admissible to ascertain what lands are embraced in the description, such evidence cannot make the deed operate upon land not embraced in the descriptive words. Minor v. Powers, supra; Prentice v. Stearns, 113 U.S. 435, 5 Sup.Ct. 547, 28 L. Ed. 1059 (1885).

If the construction of the description as contained in a deed, as applied to the physical facts, fixes the location of the property there is no question of fact to be submitted to a jury. Caddell v. Lufkin Land & Lumber Co., 234 S.W. 138 (Beaumont Civ.App., 1921; affirmed 255 S.W. 397, Tex.Com.App., 1923).

Plaintiffs concede that if the language of deed description had terminated following "all that certain land in Montague County, Texas, tract of land, being our undivided interest in the estate of B. B. Ball, deceased" there would unquestionably have been a quit claim deed or a grant of all of their interest in the estate of B. B. Ball wherever it may have been located in Montague County, Texas. Plaintiffs contend, however, that the phrase "out of the William Marlett survey" must be treated as a restriction on the description of the property conveyed, and limiting the grant not only to their interest in the B. B. Ball estate in Montague County, Texas, but to that part being out of the William Marlett Survey. Progressing farther in the description and as applied to the phrase "and beginning at the S.W. corner of the Green Survey; Thence south 450 varas; Thence east 555⅓ vrs; Thence north 450 vrs; Thence West 555⅓ vrs to the place of beginning", the plaintiffs argue that no phrase to and including such are repugnant and that all could be given effect. In other words, say plaintiffs, the grantors said, in effect, that they give their one-twenty-sixths (½₆ths) interest in that certain land in Montague County, Texas, out of the William Marlett survey described as above. We agree that there is no ambiguity in this statement, and no repugnancy.

The next phrase "being the same land conveyed to B. B. Ball by W. P. Kennedy Sept. 23, 1893, by deed recorded in Vol. 69, page 59, Montague County, Deed Records", would have to refer to the same lands as described immediately above or there would be an ambiguity. Of course there was none. This land is not involved in the suit. However, if it were involved, plaintiffs contend that the reference to the quantity of the interest conveyed as "our undivided interest in the estate of B. B. Ball, deceased," would be a limitation upon the amount of interest conveyed in the described lands of the Marlett survey. We agree.

Finally we arrive at the paragraph in the deed containing the following description: "Second Tract: The southwest quarter of the W. R. Powell survey, abstract 590". Of course there is nothing ambiguous about this description. It can be located on the ground without the necessity of any explanation. It does not require any parol evidence to explain it. Furthermore, there being no ambiguity—or repugnancy—when considered with the antecedent deed provisions already discussed, we hold that this description should be given controlling effect. If parol evidence be heard it should not be considered, but disregarded as superfluous.

There is actually no association of the description in the second paragraph to the restrictive language of the first paragraph. By the description in the first paragraph there was merely a restriction of the conveyance to such land as was conveyed to B. B. Ball by W. P. Kennedy. There is no like association to the second paragraph which merely conveys "The southwest quarter of the W. R. Powell survey, abstract 590." There is no contention that this is any of the land conveyed to B. B. Ball by W. P. Kennedy, nor was it any part of the B. B. Ball estate. Being described in a separate and distinct paragraph, it does not relate back to the restrictive words set out in the paragraph conveying the tract of land conveyed to B. B. Ball by W. P. Kennedy.

The defendant has cited the case of Strong v. Garrett, 148 Tex. 265, 224 S.W.2d 471 (1949), in which the description in the deed was of a tract of land by metes and bounds, but which description covered a tract adjacent to the tract of land sought to be conveyed. Observable therein is the importance of construction of deed language *as applied to the physical facts.* The deed recited that the land was "that tract which had been set apart to her by the Probate Court of Rusk County". The tract of land which had been set aside to her by the Probate Court was the tract of land which was sought to be conveyed, and the

only discrepancy between that general description and the metes and bounds description was the beginning point in the metes and bounds description. There was however a repugnancy between the metes and bounds description and the reference to the same lands being set aside by the Probate Court. When the physical facts were applied to the description such became apparent. It was therefore up to the Court to resolve such difference, but by way of construction rather than reformation.

There is no such repugnancy in the instrument involved in this action. The statement "being our undivided interest in the estate of B. B. Ball, deceased," and "Second Tract: The southwest quarter of the W. R. Powell survey, abstract 590", is not repugnant whether or not the grantors had an interest in the land. The reference to all of their interest in the B. B. Ball estate was a limiting description of the quantity of the grant, not the grant itself. In resolving the conflict in the instrument considered in Strong v. Garrett, the Supreme Court held that it was apparent that they intended to convey the land set apart to her by the Probate Court, and that the metes and bounds description was an attempt to make such a conveyance. There is no showing in the instrument involved in this suit as to whether the second tract had any relationship to the B. B. Ball estate or not. Had there been then a repugnancy between the description in the first paragraph and the reference to being the same land conveyed to B. B. Ball by W. P. Kennedy, then we would have a situation analogous to the Strong case; however the facts in this case are not the same as the Strong case, and are distinguishable. As the Supreme Court stated in its opinion, "In this case the general description does not enlarge the particular, but is wholly repugnant to it, * * *." In this case there is no repugnancy and the general description, if it applies to the second paragraph at all, tends to restrict the quantity of the grant. In Strong v. Garrett, it was evident that the deed description was of two different tracts of land. In this case such is not true; there is only one tract of land described in each paragraph, and the general description is merely the limitation of the quantity distinguished between a one hundred per cent grant and ½6ths grant as applied to land in the Marlett Survey.

In Strong v. Garrett it was held that the general rules of construction applicable to conflict of the specific with the general description in a deed would not be applied when the grantor's true intentions to convey the land covered by the general description clearly and unmistakenly appears from the language of the entire instrument. Contrary to the reasoning of defendant, it was the duty of the trial court in the instant case to hold that it was evidenced by the instrument in this case that the intention was to convey the tract of land in the William Marlett Survey and, separably, the tract of land in the William Powell Survey for here the general rules of construction would be applicable. The reason is because it does *not* clearly and unmistakenly appear that the grantors intended to convey all their undivided interest in the estate of B. B. Ball, deceased, in any of that estate property other than that of the Marlett Survey.

All points of error are overruled.

Judgment is affirmed.