Pearl **BARNETT** et al., Appellants,

v.

**O. H. SULLIVAN** et ux., Appellees.

No. 6096.

Court of Civil Appeals of Texas,
El Paso.

Sept. 9, 1970.

Rehearing Denied Oct. 28, 1970.

J. M. Preston, Pecos, for appellants.

A. R. Archer, Jr., Monahans, for appellees.

## OPINION

PRESLAR, Justice.

Appellees, O. H. Sullivan and wife, brought this suit for cancellation and reformation of certain deeds and deeds of trust on the basis of mutual mistake, fraud, and failure of the wife to appear before a notary public in the sale of a homestead. Following trial by jury, judgment was entered granting the reformation and cancellation of the instruments as prayed for. We are of the opinion that the judgment must be reversed.

The parties will be referred to as they appeared in the trial court. The series of transactions involved began on January 25, 1956, with the execution of deed by plaintiffs conveying an undivided one-half interest in several tracts of land, including 240 acres alleged to be their homestead. Other transactions occurred, and the latest one involved was in 1962. This suit was commenced on August 14, 1968, and defendants plead the four-year statute of limitations. Defendants moved for a directed verdict on the completion of plaintiffs' evidence, and they urged a motion for judgment non obstante veredicto.

One ground for reforming the deed of January 25, 1956 was that it was the homestead of the plaintiffs, and the wife did not appear before the notary public. Art. 1300, Vernon's Ann.Civ.St. The only issue submitted to the jury on that ground was the one in which the finding was that she did not so appear. This finding alone is not sufficient to make out the plaintiffs' case. It was necessary to prove that it was in fact their homestead on the date the conveyance was made. The constitutional and statutory safeguards against improvident disposal of the homestead constitute a privilege which may be waived by failure to assert the same in the trial court. Danaho Refining Company v. Dietz, Tex.Civ.App., 398 S.W.2d 307 (ref. n. r. e); Shonaker v. Citizens' Loan & Investment Co., Tex.Civ.App., 8 S.W.2d 566 (wr. ref.); Roberson v. Home Owners' Loan Corporation, Tex.Civ.App., 147 S.W.2d 949 (wr. dism. judgm. cor.); Balcomb v. Vasquez, Tex.Civ.App., 241 S.W.2d 650 (ref. n. r. e).

"* * * In any case, where the homestead right is relied on, either as a cause of action, or a defense, the homestead character of the property must be pleaded and proved. Failure to do so may result in the loss of the right."

28 Tex.Jur.2d, Homesteads, p. 380, § 9.

Plaintiff-appellees pleaded the homestead character of the property, but failed to request or secure findings of such fact of the jury. The evidence will not support a conclusion that it was of such character as a matter of law. We are unaided by an unusual recitation in that portion of the judgment setting out the appearances of the

parties, " * * * and came the parties, and the Plaintiffs, O. H. Sullivan and wife, Helen Sullivan made known to the Court that on January 25, 1956, they were claiming as their rural homestead the following described land, to wit * * *" Then follows a description of 200 acres of land, which did not include an additional 40 acres claimed by their pleadings, and awarded to them by the judgment. This discrepancy is of no importance under our disposition of the case. By their pleadings the parties put in issue the homestead character of the property sought to be deleted from the deed, evidence was adduced, and under the above authorities we are of the opinion that it was incumbent on plaintiffs to secure findings in proof of their claim.

Plaintiff-appellees sued to reform the deed of January 15, 1956 on the ground of mutual mistake. The deed was conveyance of an undivided one-half interest in numerous tracts of land which had been platted into forty-acre tracts called "Water Tracts", and the description used in the deed was by the number of such tracts as set out on a map or plat of record, i. e., "Water Tracts 1 and 2, in Section 202, and Water Tracts 2, 3, 6, 7, 8, 9, 10, 11, and 15 in Section 48", etc. Plaintiffs were grantors in the deed, and it is their contention that the inclusion of certain numbered tracts totaling 240 acres, their homestead, was never intended by all parties. Jury findings substantiated their claim of mutual mistake. But the question here is not the substantive rights, but the bar of the enforcement of them by the statute of limitations.

■■ We are of the opinion, and hold, that the plaintiffs' action to reform the deed by deleting therefrom the 240 acres because of mutual mistake was barred by Art. 5529, V.A.C.S., the four-year statute of limitations. Hogan v. Price, Tex.Civ. App., 274 S.W.2d 745 (wr. ref. n. r. e.); La Neve v. Hinkson, Tex.Civ.App., 271 S.W.2d 467 (wr. ref. n. r. e.); Kahanek v. Kahanek, Tex.Civ.App., 192 S.W.2d 174

(n. w. h.); Kennedy v. Brown, Tex.Civ. App., 113 S.W.2d 1018 (wr. dism.); McKee v. Douglas, Tex.Civ.App., 362 S.W.2d 870 (wr. ref. n. r. e.); Gage v. Owen, Tex.Civ. App., 435 S.W.2d 559 (wr. ref. n. r. e.). The general rule announced by such cases is that a grantor is charged with knowledge of the contents of his deed from the date of its execution, and limitations begins to run against his action to correct it from that date. See also Hendes v. Gale, Tex. Civ.App., 376 S.W.2d 922 (wr. ref. n. r. e.), and authorities there cited, for the settled rule that "where the grantor parts with title under a mutual mistake, then all that the grantor has remaining is a suit to reform, which is barred by the statute."

■ Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62 (1959) is relied on by plaintiff-appellees as providing a rule where equity will grant relief from the running of the statute of limitations. The rule announced was that the statute might be tolled where the parties were mutually mistaken as to the legal effect, a mistake of law, of instruments of conveyance. Such rule has no application to the case before us where the mistake is one of fact, "a fact plainly evident", as the Supreme Court called it in distinguishing Miles v. Martin from Kahanek v. Kahanek and Kennedy v. Brown (supra) in McClung v. Lawrence, Tex., 430 S.W.2d 179 (1968). The same distinction was made in Gage v. Owen (supra) by the Fort Worth Court of Civil Appeals, citing McClung v. Lawrence, and the Supreme Court refused a writ, n. r. e. Sims v. Haggard, 162 Tex. 307, 346 S.W.2d 110, also relied on by the plaintiff-appellees, is of no help here, for the Supreme Court did not pass on the limitations question and expressly noted that it was unable to pass on such question because it had not been presented to that court by application for writ of error.

■ Certain deeds were set aside and canceled by the trial court because of fraud asserted by the plaintiffs. Plaintiffs alleged that W. M. Barnett (now deceased)

represented to them that he would reconvey their homestead to them if they would convey ten acres of minerals to him. They conveyed the minerals to Barnett and he made a conveyance of the homestead property to them, but such deed was for an undivided one-half of the surface and one-fourth of the minerals. These transactions were in March of 1962, but plaintiffs alleged they did not discover the deficiencies in the reconveyance of the homestead until 1966. Only two issues were submitted to the jury on this element of the case, one resulting in a finding that Barnett did make the representation, and the other being that his failure to convey all of the homestead to plaintiffs "was for the purpose of defrauding them". Even if we assume that those issues establish all elements of fraud, it does not make a complete cause of action entitling one to cancellation of the deeds. Again, we are not concerned with the substantive right, but the bar to assert it because of the statute of limitations. The fraud was alleged and found to have occurred in March of 1962, and the cause of action was not commenced until August of 1968. We are of the opinion that the defendants' plea of limitations was good because of the failure of the plaintiffs to excuse their delay in bringing suit. No issues were requested or submitted excusing the delay in bringing suit—no showing why the statute of limitations should not bar the action. By plaintiffs' own pleading and proof, the cause of action was barred by the statute of limitations. The burden was then on them to plead and prove why it should not apply. Carminati v. Fenoglio, Tex.Civ.App., 267 S.W.2d 449, ref. n. r. e., holding:

> "We think the burden was on the Carminati group of appellants to allege and offer to prove the existence of facts that would excuse their failure sooner to file the suit. Rowe v. Horton, 65 Tex. 89; Oldham v. Medearis, 90 Tex. 506, 39 S.W. 919; Clopton v. Cecil, Tex.Civ. App., 234 S.W.2d 251, writ refused n. r. e.; Texas Osage Cooperative Royal-

ty Pool v. Colwell, Tex.Civ.App., 205 S.W.2d 93, writ refused n. r. e.; Mathis v. Stockdick, Tex.Civ.App., 189 S.W.2d 106, writ refused."

The deed to plaintiffs from Barnett begins the description of the property conveyed as, "An undivided one-half (½) interest * * *", and repeats in such description that it is the intention of the grantor to convey an undivided one-half interest in the surface and an undivided one-fourth interest in the minerals. If this was not the correct description, plaintiffs were charged with knowledge of such fact, and limitations began to run from the time of delivery of the deed. Carminati v. Fenoglio (supra), and authorities there cited. The well-established rule is that fraud will prevent the running of the statute of limitations until such time as the fraud is discovered, or, in the exercise of reasonable diligence, could have been discovered. See the numerous authorities cited in Carminati v. Fenoglio (supra), including the often-cited case of Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, in which a jury finding was had as to when discovery was made that minerals had previously been reserved from the land conveyed. The Supreme Court held this was not sufficient grounds upon which to base a judgment, and repeating the above rule, said:

> "Defendants in error made no attempt, either by pleadings or by proof, to bring their case within this rule. They relied upon the failure to discover such defect, without attempting to show facts excusing their failure to discover such defect; and no attempt is made to show that if they had used reasonable diligence they could not have discovered their cause of action.
>
> "* * * Before he is entitled to recover in this case, he must bring himself within the well-defined rules above stated, long established by the decisions of this court. This was not done."

Plaintiffs cannot prevail in the case before us, for the reason that they, too, failed

to bring themselves within the rules announced, in that they have failed to plead and prove any excuse for their failure to file suit within four years after the execution of the deeds.

The judgment of the trial court is reversed, and judgment is here rendered that the plaintiffs take nothing.

FRASER, C. J., did not participate.