Annie P. Harris et al. v. Henry Shafer et al.

No. 33.

1. Description Insufficient in Deed.
    The order confirming an administration sale described the land sold as "1800 acres of land, it being the upper part of said survey." The administrator made a deed for 1800 acres of land described as "being the upper part of the league and labor of land granted to the heirs of Mary Bird, situated on the waters of Pecan Bayou, in Travis." *Held*, that by the description, "*the upper part of said survey*," nothing would pass, for want of certainty as to what was intended to be conveyed... 317

ON REHEARING.

2. Same.
    In an administration sale the order of sale may be looked to in aid of the description given in the confirmation or deed. But in this case the order of sale directed that the sale be made of land *on the upper line*.

This in no way aided the description *upper part;* rather was it contradictory or confusing................................................... 320

**3. Affidavits in Supreme Court.**
Affidavits to facts to which no testimony was adduced in the trial court can not be considered by the Supreme Court........................ 320

**4. Practice on Appeal.**
This court will not reverse a judgment properly rendered merely to give the losing party an opportunity to introduce testimony not used on the trial, and especially when he claims no interest under the title he seeks to establish............................................... 320

ERROR to Court of Civil Appeals for Third District, in an appeal from Brown County.

*R. W. Stayton* and *Lane & Mayfield*, for plaintiffs in error.

*Fisher & Townes*, for defendants in error.

BROWN, ASSOCIATE JUSTICE.—Plaintiffs in error brought suit in the District Court of Brown County to recover from defendants in error a league and labor of land, granted by patent to the heirs of Mary Bird. Plaintiffs proved their title under the patentee, and defendants set up an outstanding title in J. H. Herndon, with which they in nowise connected themselves.

From the findings of fact made by the Court of Civil Appeals it appears, that Mary Bird died in the year 1840, and in 1845 an attempt was made by James Craft to administer upon her estate; he was appointed administrator in the Probate Court of Fort Bend County, but he did not qualify as such. At the July Term, 1847, Daniel Shipman applied to said court and was appointed administrator of the said estate. No inventory was returned nor any order made in said estate until about the February Term, 1855, when Shipman filed an inventory, showing that the land in controversy was the only property belonging to the estate, which inventory was approved by the court. The land was patented to the heirs of Mary Bird in 1852.

On the 22nd day of March, 1855, Shipman, as administrator, applied to the Probate Court for an order to sell 1800 acres of the land, stating that he had, as administrator, on the 7th day of October, 1847, made a contract in writing with John H. Herndon and James Shipman for locating the headright certificate of Mary Bird, for which they were to receive $200, in payment for which they were to receive one-third of the land, the usual fee for such services, and that Herndon and Shipman had complied with the contract.

On the 31st day of March, 1855, the Probate Court of Fort Bend County ordered the sale of 1800 acres of said land, reciting that 1535

acres should be sold to perfect the title of said Shipman and Herndon, and that it was agreed upon that 1535 acres were to be deeded to Herndon and that 265 acres were to be sold to pay costs of court.

On the 25th of June, 1855, M. M. Battle, as agent of the administrator, Shipman, made a report to the said court of the sale of the land; 266 acres sold to Herndon for $69.16 to pay costs, and 1534 acres sold to Herndon for $300; and this was sold to " *effect* " title to J. H. Herndon and J. R. Shipman for locating. The report was sworn to by Battle as agent of Shipman. At the June Term, 1855, the court confirmed the sale so made, and ordered deed made to Herndon for the 1800 acres of land, " it being the upper part of the survey." The administrator made a deed to Herndon for the entire 1800 acres of land, described as " being the upper part of the league and labor of land granted to the heirs of Mary Bird, situated on the waters of Pecan Bayou, in Travis."

Judgment was rendered for the plaintiff in error, Shafer, in the District Court, which upon appeal was reversed by the Court of Civil Appeals and remanded for a new trial. The case is before this court on writ of error.

Plaintiffs in error seek a reversal of the judgment of the Court of Civil Appeals upon the following grounds:

1. That the administration of Shipman upon the estate of Mary Bird was void, because it appears from the record that there were no debts against the estate.

2. That the sale to Herndon was void, because the administrator had no authority to make a contract with Herndon and Shipman to give a part of the land for locating the certificates, and the court had no jurisdiction to order the sale to perfect the title under such a contract.

3. That the sale to Herndon was void for want of any sufficient description of the land sold.

The view taken on the last point renders it unnecessary to decide upon the first two. We hold that the description given in the order of confirmation and in the deed is wholly insufficient, and in fact is no description, furnishing no means by which the land intended to be conveyed can be located at any particular place in the survey, and the sale is therefore void.

In the case of Wofford v. McKinna, 23 Texas, 45, the description was, " 2500 acres, to commence at the beginning corner, and taken in a square, if it will admit of it." From the field notes of the survey, the court held that the land could not be taken in a square at the point designated, and said: " From its terms it is uncertain in what form the land is to be taken. Neither the owner of the land, the party in possession, nor the court can know from the face of the deed what are the boundaries of the claim. The deed is void for uncertainty in the description of the premises, unless it can be aided by matter extrinsic of itself." Wooters v. Arledge, 54 Texas, 397.

Putting the sale upon the same basis as if between private parties, there is still nothing in the record to aid the description given in the order of confirmation and deed.

The words "the upper part of the survey" can mean nothing but the higher part of the survey, which could only have reference to the elevation of its surface, and would be as indefinite as the language attempted to be interpreted. The upper or higher part may be at either end or side, or it may be in the center of the survey. From the field notes of the original survey, it appears that the beginning corner is on Pecan Bayou, and runs thence *up* the bayou with its meanders to a stake; thence south 45 west 10,168 varas a stake and mound; thence south 45 east 2550 varas to a stake and mound; thence north 45 east 9842 varas to the beginning. If we assume that *upper* part referred to the highest point on the bayou, the survey could not be located there for want of space to contain so large a tract; or if it be admitted that this was intended as the beginning corner, and that the survey should be located in a square, it can not be done on account of the shape of the original survey at that point. But we think that the language could not be interpreted to mean either of these, and as applied is meaningless.

If the court were to render judgment for the defendants for 1800 acres to be taken out of the "upper part of the survey," and for plaintiff for the remainder, a partition would be necessary. When the court appointed commissioners to partition the land they would be in dilemma as to the place at which defendant's land should be set aside; and if the commissioners should settle upon what they believed to be the upper part, and reported to the court, how could the judge tell whether the instructions had been obeyed or not? As was said in Wofford v. McKinna, supra, neither the parties to the suit, the commissioners to partition, nor the court could, from the description given, know the boundaries to the claim.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the District Court is affirmed; and it is ordered, that the plaintiffs in error recover of and from the defendants in error and their sureties on their appeal bond all cost incurred in this court, the Court of Civil Appeals, and in the District Court.

Delivered November 16, 1893.

ON REHEARING.

*Fisher & Townes* and *Wheeler & Rhodes*, for motion for rehearing.

[With the motion for rehearing were filed affidavits of a number of surveyors and draughtsmen, experts, to the effect, that from the description in controversy the land could be identified as 1800 acres, surveyed

upon the upper line of the Bird league and extending the length thereof to include the quantity and bounded by line parallel with said upper line.]

Counsel cited: Ragsdale v. Robinson, 48 Texas, 395; Swisher v. Grumbles, 18 Texas, 164; Kingston v. Pickins, 46 Texas, 201; Wilson v. Smith, 50 Texas, 369; Steinbeck v. Stone, 53 Texas, 586; Crabtree v. Whiteselle, 65 Texas, 112; Goldman v. Douglass, 81 Texas, 649; Giddings v. Day, 84 Texas, 606; Brown v. Chambers, 63 Texas, 135; Norris v. Hunt, 51 Texas, 615; Overand v. Menczer, 83 Texas, 127; Swenson v. Williford, 84 Texas, 424.

BROWN, ASSOCIATE JUSTICE.—Defendants in error have filed a motion for rehearing in this cause, upon the following grounds:

" 1. Because the question of the alleged insufficiency of description contained in the administrator's deed, the report of sale, and the decree of confirmation, was not raised or urged in the trial court, and was not presented to the Court of Civil Appeals in the motion for rehearing filed therein.

" 2. Because said objection was not assigned or urged by the plaintiff in error in his application to this court for a writ of error, and in the specification of grounds upon which he relied to reverse the judgment of the Court of Civil Appeals.

" 3. Because the description contained in the deed, when read in connection with the description of the league and labor set out in the record, and the description of the land desired to be sold contained in the application for sale, and the description set forth in report of sale and in the order of confirmation, is sufficiently definite to enable the 1800 acres to be identified without recourse to parol evidence.

" 4. Because if the description contained in the record be not sufficient to enable the court, from the record alone, to identify the land, still the same is sufficient, when aided by competent parol evidence; and the defendants in error, in view of the fact that no such objection as the insufficiency of description was properly urged before and brought to the attention of the trial court or the Court of Civil Appeals or this court, should be accorded another trial in the court below and allowed the opportunity of aiding, as they can, by parol evidence, the description contained in the record."

Counsel are mistaken in the statement that the question of the sufficiency of the description in the deed was not raised in the Court of Civil Appeals nor in this court, and in the statement contained in the argument that the objection was raised for the first time by this court. If that were correct, the motion for a rehearing would be granted, for this court will only consider questions which were presented to the Court of Civil Appeals and are presented to this court by the application for a writ of error.

In the District Court the judge tried the case without a jury, and filed conclusions of fact and of law. The conclusions of fact embraced the description of the land as sold and deeded to Herndon; in the conclusions of law this insufficiency of description was not noticed, but judgment was given for Shafer. If the judgment was placed on the wrong ground, as a matter of law plaintiff in error, in whose favor it was rendered, would not be expected to ask a new trial and set aside the judgment in order to correct the conclusions of law filed by the court. There was no opportunity for Shafer to present the question in the District Court.

Annie P. Harris et al. appealed to the Supreme Court, and the case was transferred to the Court of Civil Appeals, which reversed the judgment of the District Court and remanded the case. Shafer filed his motion for a rehearing in the Court of Civil Appeals, and among others assigned the following grounds of error:

" 3. The court erred in holding that an administrator can delegate his authority to another person, and make a sale of realty belonging to the estate of an intestate, and as such agent to make and return a report thereof, and upon the confirmation of the same by the Probate Court, such sale is not absolutely void, but is conclusive in a collateral attack.

" 4. The court erred in holding that the sale of the realty by the agent of the administrator and the confirmation of such sale by the Probate Court passed the legal title to the land to Herndon."

By the third assignment the proposition was presented that an administrator could not delegate his authority to another to sell lands of the estate, and that the confirmation of such sale made by the agent would not give validity to the sale. By the fourth was presented the proposition that the sale made by the agent and confirmed by the court did not pass legal title to the purchaser, Herndon.

Counsel for plaintiff in error, Shafer, understood that the fourth assignment presented the insufficiency of the description, and discussed the point in his argument before the Court of Civil Appeals on the motion for a rehearing, which argument was filed in this court. The learned counsel for the defendant so understood it, for they presented to this court an argument on the question of the sale by the agent, and replied to the argument of opposing counsel made in the Court of Civil Appeals and in this court as to the sufficiency of the description, by saying simply, " The land in the orders and decrees of the court ordering and confirming the sale and in the deed to Herndon is sufficiently described." This was brief, but to the point, and shows that counsel then understood that the insufficiency of the description was before this court.

The counsel for the defendant in error asks that we look to the order of sale to aid the description in the order of confirmation and the description in the deed. If any light could be thrown upon the matter, we would do so, as it is a matter undisputed and not embraced in the find-

ings of fact filed by the Court of Civil Appeals. But when we look to that order we find that the sale was ordered to be made of land on the "upper line;" the administrator, in disregard of the order, sold it out of the "upper part" of the survey. This would raise the serious question as to whether or not the sale made contrary to the order of the court would not be void. Moreover, the order of sale, if included in the matter of description, would make the description still more indefinite, because then it would not be known whether it was to be taken on the "upper line" or out of the "upper part" of the survey. The upper line is not the upper part necessarily, nor probably so, if it refers to the line which touches the bayou highest up on that stream. Upper part would not mean the upper line as above defined, but it might be at a different side or end of the survey; so that to refer to the order of sale does not aid the description.

Counsel cite Swisher v. Grumbles, 18 Texas, 164, as authority for the meaning of the word upper. In that case the survey fronted on the river, with parallel lines running back therefrom. The "upper half" of a league was sold, and was described thus: "The said upper half of said league, to include half of the front of said league on the river and run back for quantity; the lower line of said upper half running back from the river parallel to the upper line of said league, so as to include the whole upper half except 200 acres to be taken out of the back end of said upper half." The land is said to front on the river, and the lines are expressed to run from the river back; the words "upper" and "lower" are necessarily used with reference to the flow of the river.

It is not necessary for us to determine whether or not the defect in description might have been aided by extraneous evidence. It is sufficient to say that no such evidence was offered in the District Court, and the affidavits filed here can not be considered by this court.

It is insisted that the judgment should be reversed and the cause remanded to give the defendants in error an opportunity to introduce evidence to identify the land. We believe that the judgment of the District Court was rightly rendered for Shafer, and can not reverse a correct judgment in order to give the losing party an opportunity to produce evidence which was not offered in the first place, especially when they claim no interest in their own right. This court can set aside judgments of inferior courts only when they are wrong, and never when they are right under the law and evidence as introduced, unless some error has been committed in excluding proper evidence offered in that court.

The motion for rehearing is overruled.

Delivered December 21, 1893.