### FRANK FITZHUGH ET AL. v. O. C. CONNOR.

#### Decided April 22, 1903.

**1.—Homestead—Urban Lots—Issue Raised by Pleadings—Value.**

Where, if the allegations in plaintiff's petition were not sufficient to raise the issue as to whether certain lots levied on by plaintiff and claimed by defendant as an urban homestead were worth less than $5000 at the time of their purchase, the deficiency was supplied by the allegations of defendant's answer specifically covering the matter, and which were denied by plaintiff, an objection that the court erred in submitting the issue because it was not raised by the pleadings was not tenable.

**2.—Same—Burden of Proof as to Value.**

It was error for the charge, where the evidence was conflicting as to whether or not the value of the lots claimed by defendant as his exempt homestead was less than $5000 at the time of designation, to place the burden of proof as to that issue on the defendant.

**3.—Same—Additional Lots Purchased—Valuation—Designation.**

Where the owner of an urban homestead consisting of several lots purchases additional lots, those last acquired may become part of the homestead, although those already owned may at that time have equaled or exceeded in

value the constitutional limit of $5000, if their value was less than that amount at the time of their original designation to homestead purposes. Lake v. Boulware, 12 Texas Civ. App., 660, criticised.

**4.—Same—New Designation—Excess Subject to Sale.**

Where, however, in such a case the homestead owner insists on including part or all of the subsequently acquired property in the homestead, then the court will inquire as to the value of the whole property, exclusive of improvements at that date, allowing the creditor to subject to his judgment the excess in the entire property, and the debtor to select out of the entire property his homestead, not to exceed $5000 in value, exclusive of improvements.

Appeal from the District Court of Lamar. Tried below before Hon. Ben H. Denton.

E. P. Scott and Moore, Park & Birmingham, for appellants.

O. C. Connor, for appellee.

STREETMAN, ASSOCIATE JUSTICE.—This suit was brought to foreclose a judgment lien owned by appellee, upon six parcels of land belonging to appellants, described in the proceedings and designated as lots 1, 2, 3, 4, 5 and 6.

Appellants, Fitzhugh and wife, claimed the property as an urban homestead, alleging the date of their purchase of each of said lots and its value at the time of purchase, and alleging further "that all of said lots, independent of their improvements, were in the aggregate worth less than $5000 at the dates of the purchases aforesaid, and on the dates they were designated as the homestead of defendants." Appellee interposed a general denial of the allegations in this answer.

The existence of the judgment and the proper record and index of the abstract were conceded, and it was also conceded that all of the property sought to be subjected to the lien was used by appellants for homestead purposes. The only issue submitted by the court was as to the value of the first four lots purchased at the times when the last two lots were acquired.

The questions submitted were as follows: (1) Were the lots designated in the plaintiff's petition as lots Nos. 1, 3, 4 and 5 worth more than $5000 on the 14th day of October, 1892, without reference to the value of the improvements thereon, when the defendant Frank Fitzhugh purchased the lot designated as lot No. 2 in plaintiff's petition? (2) Were the lots designated as lots Nos. 1, 2, 3, 4 and 5 in plaintiff's petition worth more than $5000 on the 19th day of August, 1893, without reference to the value of the improvements thereon, when defendant Frank Fitzhugh purchased lot No. 6 in plaintiff's petition?

The jury were instructed that the burden of proof on these issues was upon the defendants. The jury answered the first question in the affirmative, and did not answer the second question at all, so far as the record discloses; but upon their verdict as rendered the court awarded judgment for appellee foreclosing the judgment lien upon the lots designated as Nos. 2 and 6.

The first and second assignments complain that the court erred in submitting these issues to the jury, because they were not put in issue by the pleadings. If the allegations in plaintiff's petition were not sufficient to raise the issues, the deficiency was supplied by the allegations of defendant's answer. The averments of the answer specifically covered the questions submitted, and these allegations were denied by the plaintiff. Under these circumstances it can hardly be said that the issues were not made by the pleadings. Parlin v. Hanson, 21 Texas Civ. App., 401; Grimes v. Hagood, 19 Texas, 246.

The fourth assignment, however, in our opinion presents reversible error. It complains of that portion of the charge which places the burden of proof as to value upon the defendants. The evidence showed pretty clearly that the aggregate value of lots 1, 3, 4 and 5, when first acquired and applied to homestead uses, did not amount to $5000. Lots 2 and 6 were purchased some time afterwards, and the evidence as to the value of the lots first purchased, at the dates when 2 and 6 were acquired, was conflicting, defendants' witnesses testifying that all six of the lots together at that time were not worth more than $5000, and plaintiff's witnesses that the first four lots were at that time worth more than $5000. The charge upon the burden of proof, therefore, may have had an important bearing upon the verdict.

We have experienced some difficulty in determining where the burden of proof rests upon this issue. The language of the Constitution is that "the homestead in a city, town or village shall consist of lot or lots not to exceed in value $5000 at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided that the same shall be used for the purposes of a home," etc.

It is necessary for the claimant of the homestead to allege and prove the facts necessary to constitute the property homestead. The question is whether the value, in case of an urban homestead, is one of these essential facts. While the precise question was not before the court, it was indirectly involved in the case of Hargadene v. Whitfield, 71 Texas, 482. It is there said: "The purpose of the statute is to protect the *homestead*. The quantity and value are limitations upon it when established. They form no part of a definition of a homestead. If the value exceeds the limitation, it does not destroy the homestead, or make it any the less one. * * * The general denial interposed by plaintiffs to the homestead claim required proof of the main facts, citizenship, family and residence. The plea in avoidance does not allege the matter of value, or ask relief as to any excess."

From these expressions we infer that in such case it is unnecessary for the homestead claimant to allege the value, and if unnecessary to allege it, of course, it is unnecessary for him to prove it. We conclude, therefore, that the charge upon the burden of proof was error. See also, Demartin v. Demartin, 85 Cal., 71.

A further question of some difficulty is raised by the assignments

If the jury under proper instructions should find that the four lots first purchased amounted to as much as $5000 in value when the remaining lots were acquired, did the defendants then acquire any homestead rights whatever in the lots last purchased? Some expressions in the case of Lake v. Boulware, 12 Texas Civ. App., 660, would indicate that where a family has an urban homestead which has reached the value of $5000, and then acquires other property and uses it for homestead purposes in connection with that formerly owned, the property last purchased does not become a part of the homestead, but is liable absolutely to the debts of the owner. These expressions were perhaps unnecessary to the conclusion reached in that case. At any rate, we are unable to entirely concur in these views.

We agree with the doctrine announced in that case that the value of the entire homestead would be determined at the date of the last purchase, and not by adding together the values of the separate parcels at the times when they were respectively applied to homestead uses; that is, that the law will not consider that there have been a number of designations of the separate parcels composing the homestead at different times and add together these several values to determine the value of the entire homestead, but it will consider that there is a new designation of the entire property at the time of the last purchase and inquire as to the value of the whole property at that time, in order to determine whether there is an excess and the amount of it.

To our minds, however, the statement of this proposition is itself an answer to the theory that if the property originally owned is found to be worth $5000, that subsequently acquired can not become any part of the homestead. The only theory which authorizes us to take in consideration the value of the original property at the date of the subsequent purchase, is that there is a new designation of the old property, and also of the new. If the newly acquired property does not become homestead, there is no new designation and no authority for inquiring as to the value of the original property, except at the time of its original designation as homestead.

We therefore conclude that the property last acquired could become a part of the homestead, although that formerly owned may at that time have equaled or exceeded in value $5000; that the court will view the transaction just as if the whole property was acquired at the date of the last purchase, and will give the creditor the right to subject the excess, if any, in the whole property to his judgment, and at the same time accord to the debtor the right to select out of the entire property such portion as he may choose for a homestead, not to exceed $5000 in value, exclusive of improvements.

We deem it proper to say further, that in case the property first bought was not worth as much as $5000 when first designated as a homestead, but was worth more than that amount when the other property was purchased, then the creditor would not be entitled to recover

the excess in the original homestead, unless the debtor insisted upon holding as homestead part or all of the property subsequently acquired; but if the debtor insists on including part or all of the subsequently acquired property in the homestead, then the court will inquire as to the value of the whole property, exclusive of improvements at that date, allowing the creditor to subject to his judgment the excess in the entire property, and the debtor to select out the entire property his homestead, not to exceed $5000 in value, exclusive of improvements.

There is no provision of law directing how the excess in an urban homestead may be reached and subjected to the claims of a creditor; and as this may not become necessary upon another trial of the case and is not presented upon this appeal, we do not deem it necessary to indicate our views upon it.

We would suggest, however, that upon another trial it would be well for the court, by the submission of special issues, to ascertain the value of each portion of the property at the time it was first designated as homestead, and the value of each portion at the several times when the other portions were acquired and designated as homestead, in order that the court may be prepared to render a proper judgment in any phase which the case may assume.

For the errors above pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*