### J. S. Simmons et al. v. W. D. Dickson.

No. 2769. Decided June 25, 1919, Feb. 11, 1920.

(213 S. W., 612, 218 S. W., 365.)

1.—Libel—Privileged Communication—Malice—Presumption.

Where a written communication is conditionally privileged (resolutions of a Baptist Association touching the character of a minister) malice is not inferred from the fact of its publication, nor from the fact that it is expressed in severe terms; and in the absence of any other proof of malice plaintiff cannot recover and a peremptory instruction for defendant is warranted. (Pp. 232-235).

ON REHEARING.

2.—Practice in Supreme Court.

In the absence of error a judgment will not be reversed and remanded to permit plaintiff to add new proof he should have offered on the trial. (P. 235).

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Harris County.

Dickson sued J. S. Simmons, J. E. Boyd, F. B. Williams, and others, for slander and libel. There was a peremptory instruction

to find for defendants, and verdict and judgment accordingly. Plaintiff appealed and the judgment, as to the defendants named, was reversed and remanded, 170 S. W., 834. They thereupon obtained writ of error. The case was, by the Supreme Court, referred to the Commission of Appeals, Section B, and by them, in an opinion by McClendon, J., it was recommended that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed, 213 S. W., 612. The judgment recommended was first modified by the Supreme Court, but on motion for rehearing was adopted. The opinion of the Commission of Appeals and the two opinions by the Supreme Court are here published.

*Lattimore, Cummings, Doyle & Bouldin,* and *Andrews, Streetman, Burns & Logue,* for plaintiffs in error. (O. H. Lattimore and R. H. Kelley, of counsel.)—The statements were shown by the undisputed evidence to have been privileged, and there being no evidence of actual malice the court did not err in instructing a verdict as to any pretended cause of action arising therefrom. Cranfill v. Hayden, 97 Texas, 544.

*Mike E. Smith, Green & Boyd,* and *R. M. Love,* for defendant in error.—The defamatory language employed by the defendants against Dickson were not privileged statements, because the conventions and associations had not jurisdiction of the subject-matter. St. L. S. W. Ry. Co. v. Thompson, 108 S. W., 453, 113 S. W., 144; Benson v. Screwmen Ben. Ass'n., 76 Texas, 552; Faucette v. Charles, 13 Wend. (N. Y.), 473; Jones v. Nebraska, 7 L. R. A., 325; Commonwealth v. St. Patrick's Ben. Soc., 4 Am. Dec. 453; Delacy v. Navigation Co., 9 Am. Dec., 636; Lahiff v. St. Joseph's Soc., 65 L. R. A., 92; Malmstead v. Minn. Aerie No. 34, 126 N. W., 436; Jones v. State, 44 N. W., 325; Canadian Regl. Soc. v. Parmento, 62 N. E., 740; Jennings v. Scorbo, 2 Atl., 559; People v. Medical Soc., 32 N. Y., 157; State v. Georgia Med. Soc., 38 Ga., 608.

There was error in the action of the court in determining the facts in the case against the plaintiff and in giving peremptory instructions to the jury to return a verdict in favor of the defendants, because the undisputed facts were sufficient to support a verdict for the plaintiff, and the action of the court in so directing a verdict was an invasion of the province of the jury.

MR. JUSTICE McCLENDON delivered the opinion of Commission of Appeals.

W. L. Dickson, as plaintiff, brought this suit against J. S. Simmons, J. E. Boyd, F. B. Williams, and others to recover damages for certain alleged libelous and slanderous publications and utterances on the part of defendants. The trial court

peremptorily instructed the jury to return a verdict in favor of defendants. This judgment was affirmed by the Court of Civil Appeals, Eighth District, as to all defendants except the three named above and as to those three reversed and remanded the case. 170 S. W., 834.

When the writ of error was granted in this case, the Supreme Court took jurisdiction only to the extent that the action was one for libel; the decision of the Court of Civil Appeals being final in actions for slander.

The alleged libelous publication consists of a resolution which was offered and passed at the Central Baptist Association held at Anderson, July 31, 1911, of which Association plaintiff and defendants were members. The plaintiff was a negro Baptist minister and superintendent of an orphan's home. The portion of the resolution complained of reads as follows:

"That W. L. Dickson, Supt. of the Dickson Orphanage, be not allowed to speak, as he has brought shame and disgrace on the negro Baptist ministry of Texas. That he is unworthy to be called a minister and fellowshipped as such."

It is conceded that the publication was conditionally privileged, and that to be actionable it must have been published with actual or express malice, the burden of proof being cast upon the plaintiff to establish actual malice. Plaintiff contends, however, and the Court of Civil Appeals held, that the jury might infer such malice from the vehemence of the language used and the disproportion between the epithets applied to plaintiff and the charges made aganst him.

We are unable to concur in this conclusion. It is but the assertion in different language of the proposition that malice can be inferred or presumed from the fact of publication. When a publication is conditionally privileged, the law raises the presumption of good faith and want of malice; and to hold, in such a case, that malice can be inferred from the character of the language used alone, would, in our opinion, destroy the force of the privilege.

This view, we think, is in accord with the great weight of authority in this country and with previous holdings of our Supreme Court. In Denver Public Warehouse Company v. Holloway (Colorado Supreme) 34 Colo., 432, 3 L. R. A., (N. S.) 696, 114 Am. St., 171, 7 Ann. Cases, 840, 83 Pac., 131, many of the cases upon this question are reviewed. In a note to that case numerous other authorities upholding the rule that when an alleged defamatory communication is shown to have been conditionally or qualified privileged, the burden is on the plaintiff to prove actual malice, are cited. From the Holloway case we read:

"It seems to us that, when the occasion is shown to have been privileged, the burden of showing that the defendant has lost his

privilege is cast upon the plaintiff. The presumption which attaches to a writing written on a privileged occasion is that it was written in good faith and upon probable cause. As said by Justice O'Brien, in Hemmens v. Nelson, 138 N. Y., 524, 20 L. R. A., 440, 34 N. E., 342: 'The question is not whether the charge is true or false, nor whether the defendant had sufficient cause to believe that the plaintiff sent the letter, or acted hastily, or in a mistake; but the question is, the occasion being privileged, whether there is evidence for the jury that he knew or believed it to be false. The plaintiff (defendant) may have arrived at conclusions without sufficient evidence, but the privilege protects him from liability on that ground until the plaintiff has overcome the presumption of good faith by proof of a malicious purpose to defame her character under cover of the privilege.' 'This kind of malice,' says Justice O'Brien, in the case cited, 'which overcomes and destroys the privilege, is, of course, quite distinct from that which the law, in the first instance, imputes with respect to every defamatory charge, irrespective of motive. It has been defined to be an 'indirect and wicked motive which induces the defendant to defame the plaintiff.' Odgers, Libel & Slander, 267.''

In our own State, the decisions in Missouri Pac. Ry., Co. v. Richmond, 73 Texas, 568; 4 L. R. A., 280, 15 Am. St., 794, 11 S. W., 555 and Cranfill v. Hayden, 97 Texas, 504, 80 S. W., 609, are, in our opinion, decisive of this question. In the former of these cases, it is said:

"We understand the law to be that a communication made in good faith in reference to a matter in which the person communicating has an interest or in which the public has an interest is privileged if made to another for the purpose of protecting that interest, and that a communication made in the discharge of a duty and looking to the prevention of wrong towards another or the public is so privileged when made in good faith. In such cases, although the statements made may have been untrue, malice cannot be implied from the fact of publication and to sustain an action in which the existence of evil motive must be proved."

The following is quoted from Cranfill v. Hayden:

"If a defamatory publication is absolutely privileged, the occasion justifies the language and no action arises. If the defamatory words are published on an occasion not privileged, and are not justified, malice is implied, for the reason that every act intentionally done to the damage of another, without legal justification or excuse, is in the eye of the law malicious. But a defamatory publication which is conditionally privileged occupies a middle ground; that is to say, the publication is privileged provided it was actuated by a sense of duty growing out of the occasion, and provided it was not malicious. When the court finds that the

publication is conditionally privileged, the effect of the holding is to cast upon the plaintiff the burden of proving that malice prompted the act—not merely malice which arises by implication of law, but malice in fact, otherwise denominated actual malice. In other words, if the publication be conditionally privileged, malice is not implied from the mere fact of the publication.''

Plaintiff having offered no evidence of actual malice on the part of defendants, we think the trial court properly directed a verdict in their favor.

We conclude that the judgment of the Court of Civil Appeals, in so far as it reverses the judgment of the trial court rendering judgment in favor of defendants upon the action for libel, should be reversed, and the judgment of the trial court in that respect affirmed; and that the judgment of the Court of Civil Appeals upon the action for slander should not be disturbed.

MR. CHIEF JUSTICE PHILLIPS delivered the following opinion.

We agree with the holding of the Commission of Appeals on the question discussed. The judgment of the District Court in favor of the defendants should not, however, be wholly affirmed. It does not appear that the plaintiff will not be able to prove upon another trial that the defendants Simmons, Boyd and Williams were actuated by malice in the presentation of the resolution, and as to the action for libel against them the plaintiff is therefore entitled to another trial. Instead, therefore, of affirming the judgment of the District Court as to the liability of these defendants, as recommended by the Commission of Appeals, the judgment of the District Court in their favor in so far as the action was one for libel, should be reversed and the cause remanded to the District Court for another trial upon the issue of their liability in that respect, in accordance with the holding of the Commission of Appeals on the question of malice. The judgment of the Court of Civil Appeals, reversing the judgment of the District Court as to the liability of these defendants and remanding the cause to the District Court for another trial of that issue, is accordingly affirmed with this direction. Its judgment, affirming the judgment of the district Court, as to the liability of the other defendants, is also affirmed. The judgments of the District Court and Court of Civil Appeals in respect to the action for slander are not affected by our action in the case but are left undisturbed, since our jurisdiction extends only in so far as the suit is one for libel.

### ON REHEARING.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

We were in error in directing that as to the action for libel

against the plaintiffs in error, the cause should be remanded to the District Court for further trial. Proof of actual malice was necessary to any liability on their part because of the libelous publication, and such was our holding on the original hearing. There was no such proof, and the trial court therefore properly instructed a verdict against the plaintiff there.

That judgment being correct, it is entitled here to be affirmed.

We would not be warranted in reversing a correct judgment to enable the losing party here to adduce proof which he should have offered in the first instance. Harris v. Shafer, 86 Texas, 314, 23 S. W., 979, 24 S. W., 263.

The motion for rehearing is accordingly granted to this extent, and as to the libel action against the plaintiffs in error the judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed, our original judgment being otherwise unaltered.

*Reversed and judgment of District Court affirmed.*