**ENGBROCK et al. v. HAIDUSEK et al.**
No. 8257.

Court of Civil Appeals of Texas. Austin.
June 3, 1936.

Rehearing Overruled June 24, 1936.

C. C. Jopling, of La Grange, and H. P. Kucera, of Dallas, for plaintiff in error H. A. Engbrock.

C. D. Krause, of La Grange, for plaintiff in error Martin Kaminsky.

Theo. W. Lueders, of La Grange, for defendants in error.

McCLENDON, Chief Justice.

This suit involves the right of judgment creditors of A. Haidusek, deceased, to subject certain property to the payment of their judgments, which were debts of the community of Haidusek and his predeceased wife. The following facts are undisputed: Mrs. Haidusek died intestate in 1922. Her sole heirs at law were her husband, A. Haidusek, two children, and the children of a deceased child. The property here involved was all community; therefore her one-half interest therein decended to her children and grandchildren, the homestead free of debt, and that not homestead subject to community debts. Kaminsky (plaintiff below) recovered judgment against A. Haidusek on November 27, 1926, which was duly abstracted on February 5, 1927. November 7, 1926, Engbrock purchased at execution sale, under a judgment recovered by a bank against A. Haidusek, a one-half interest in lot 318, block 38, in the city of La Grange. A. Haidusek died intes-

tate in 1929; his sole heirs at law being the two children and grandchildren above noted. When Mrs. Haidusek died, and for a long time prior thereto their residence homestead was situated upon lots 277 and 288, in block 37, in the city of La Grange. It is conceded that no constituent dependent member of the family of A. Haidusek survived him who could lay claim to a homestead interest in the property.

Kaminsky brought this suit against the heirs at law of A. Haidusek, asserting an abstract of judgment lien on lot 318, block 38, and seeking to subject that lot, as well as the residence homestead lots in block 37, to the payment of his debt. Engbrock was made party defendant along with the bank and others, all of whom have disclaimed except Engbrock. The A. Haidusek heirs asserted that lot 318 was also a part of the homestead of A. Haidusek and wife; that the execution deed of Engbrock was therefore void; that no judgment lien attached under the Kaminsky judgment; and that this lot, together with the residence property in block 37, descended to them upon the death of A. Haidusek, free of claims of creditors. Engbrock, by way of answer and cross-action, denied the claim of homestead in lot 318; asserted the validity of his execution deed; and also alleged (and this was admitted) that he had purchased a one-sixth interest in said lot from George Haidusek, one of the Haidusek children. He sought, in the alternative, should his execution deed be held void, that he be subrogated to the rights of the judgment debtor bank to the amount of his purchase at execution sale (alleged at $300), and that the property be subjected to payment thereof. He prayed, further in the alternative, if the one-sixth interest which he purchased from George Haidusek be sold to satisfy the judgment of Kaminsky that he have judgment over against George Haidusek upon his warranty.

There were but two controverted issues of fact: (1) Whether lot 318 was by virtue of its use a part of the urban homestead of A. Haidusek and wife; and (2) whether the value of all of the property claimed as homestead, including lot 318, exceeded $5,000 in value, exclusive of improvements. The trial was to the court without a jury, and both of these issues were decided in favor of the Haidusek heirs. The judgment decreed Engbrock's execution deed void, and denied to him and to Kaminsky the right to resort to any of the property in suit in pay-

ment of their respective claims. Kaminsky and Engbrock have appealed.

Both appellants urge that the evidence was insufficient as a matter of law to support the claim of homestead to lot 318, which was located in the southeast corner of block 38. This block had Jefferson street highway as its western boundary. Immediately to the west, and abutting on this street, was block 37. The A. Haidusek residence lots 277 and 288 were in the northeast corner of block 37 and abutted on Jefferson street highway. The evidence does not show affirmatively whether lot 318 was fenced. It is referred to as a vacant lot, and we assume that it was unfenced. It had no improvements on it. One witness testified that he lived for three years, 1923, 1924, and 1925, in a house on an adjoining lot, and in each of those years A. Haidusek grew a crop of cane on lot 318, which was used to feed his milk cows which he kept on an adjoining lot separated by a fence. One of the Haidusek children testified that lot 318 was used continuously to grow feed crops for the cows up to the death of his father. He testified that he never heard his father claim lot 318 as a part of his homestead after the execution sale under which Engbrock purchased. There was testimony at variance with the above with reference to the planting of the lot in feedstuff. This conflict, however, must be regarded as having been resolved by the court in support of the above evidence of use.

■ We think this use affixed the homestead character of the property. See 22 Tex.Jur. p. 253, § 177, and page 256, § 179.

The evidence with reference to the value of the property, exclusive of improvements, was confined to the year 1929, the year A. Haidusek died. Engbrock claims that evidence of value should have been as of the date of his execution purchase, and that, since the record is silent as to the value at that time, the Haidusek heirs failed to establish their homestead claim. Neither of these dates is correct. The Constitution (art. 16, § 51) fixes this date as at the time of the designation of homestead. The record does not show what that date was.

■ It is not now open to question that any property, independent of value, used for homestead purposes, constitutes part of the urban homestead; and, while the excess over $5,000, exclusive of improvements, may in a proper proceeding be subjected to the debts of creditors (Clements v. Bank, 115 Tex. 342, 282 S.W. 558), the burden is

**522**

on the creditor to allege and prove the existence of such excess before he can resort thereto in satisfaction of his debt. This burden appellants wholly failed to meet. Hargadine v. Whitfield, 71 Tex. 482, 9 S.W. 475; Fitzhugh v. Connor, 32 Tex.Civ.App. 277, 74 S.W. 83; McKenzie v. Mayer (Tex. Civ.App.) 20 S.W.(2d) 238.

■ Engbrock's alternative plea to be subrogated to the rights of the judgment creditor was properly denied, because he offered no proof of what, if anything, he actually paid in consideration for his execution deed, or of what, if any, credit was made therefor upon the judgment. The burden rested upon him to establish the amount of his claim as one of the essential bases of his asserted right to subrogation.

■■ Under the holding in Thompson v. Kay, 124 Tex. 252, 77 S.W.(2d) 201, the homestead as well as other property of A. Haidusek passed to his heirs, subject to the payment of his debts. The fact that Kaminsky's judgment was a community debt of A. Haidusek and his deceased wife in no way militates against this holding. A. Haidusek was personally liable upon the judgment, and both his individual property and his interest in the community property were liable for its payment. Under the record showing, he owned a one-half interest in the two pieces of property in blocks 37 and 38, and these were clearly subject to the Kaminsky judgment.

We assume the one-sixth interest conveyed by George Haidusek was that which he inherited from his mother; and, since we hold that this interest cannot be reached by Kaminsky's judgment, Engbrock's alternative plea, predicated upon George's warranty, has no further place in the litigation.

The judgment of the trial court, in so far as it establishes the homestead interest in lot 318, block 38, annuls the Engbrock deed to the one-half interest purchased by him at execution sale, and denies to him his claim of subrogation, is affirmed. The judgment denying to Kaminsky the right to resort to A. Haidusek's one-half interest in the property in blocks 37 and 38 is reversed, and the cause is remanded.

Affirmed in part, and in part reversed and remanded.

## On Engbrock's Motion for Rehearing.

Engbrock challenges our finding that "he offered no proof of what, if anything, he actually paid in consideration of his execution deed, or of what, if any, credit was made therefor upon the judgment."

Engbrock occupied the position of a plaintiff in his cross-action seeking to subject the property to his claim under the theory of subrogation. It was therefore essential for him both to allege and prove the amount he paid at the execution sale. He did allege that he paid $300.

The following constitutes the entire record showing regarding the proof upon this issue:

It was admitted that the bank recovered judgment against A. Haidusek, "and that no part of said judgment has been paid, except the sum of $323.25 as of date December 7th, 1926," and that there was a balance owing upon said judgment of $690 besides interest. It was further admitted that "Engbrock, on November 7th, 1926, purchased at a sheriff's sale under an execution" upon the bank judgment "one-half undivided interest in and to lot 318, in block 38."

The bank's disclaimer alleged "that it neither owns, claims, nor asserts any right, title, interest or right of possession in or to the premises described" in plaintiff's petition.

■ This record showing went no further than that the bank's judgment was valid and unpaid, except to the extent of a credit of $325.25 as of December 7, 1926, the date of Engbrock's admitted purchase at execution sale, for a sum not stated in the admission or agreement, but alleged by him in his pleadings to be $300. The parties who worded the admission or agreement seem to have studiously avoided a statement as to what portion of the $325.25 Engbrock paid. Nor is this omission supplied elsewhere in the record so far as we have been able to find.

It is immaterial that the court rested its judgment upon another theory; namely, that A. Haidusek's homestead property passed at his death to his heirs free from the claims of community creditors. The judgment was none the less correct as to Engbrock's plea of subrogation for failure to prove an essential element of recovery thereunder, namely, the amount of his claim.

■ Engbrock cites the line of cases which hold that, when a judgment is reversed in the appellate court, the latter will not render judgment for the opposing party, for failure to prove some essential fact which might be developed upon another trial, but will remand the cause so as to supply the evi-

dence which is wanting. This doctrine has been frequently applied with reference to omissions both in pleading and evidence. See the recent case of Western Union Tel. Co. v. Speed (Tex.Civ.App.) 93 S.W.(2d) 580 (error dis.). It has, however, no application to a correct judgment, the rule as to which is thus stated in Simmons v. Dickson, 110 Tex. 230, 213 S.W. 612, 218 S.W. 365, 366;

"We would not be warranted in reversing a correct judgment to enable the losing party here to adduce proof which he should have offered in the first instance. Harris v. Shafer, 86 Tex. 314, 23 S.W. 979, 24 S. W. 263."

The motion is overruled.

Overruled.