## MORRIS v. MARYLAND CASUALTY CO.

### No. 10765.

Court of Civil Appeals of Texas. Galveston.

June 28, 1939.

Kemper, Hicks & Cramer, of Houston (John G. Cramer, of Houston, of counsel), for appellant.

Sewell, Taylor, Morris & Connally, of Houston, for appellee.

GRAVES, Justice.

This is an appeal from a judgment of the county court at law of Harris County, sitting without a jury, and acting upon an agreed stipulation between the parties as to the material facts involved, overruling appellant's plea in abatement to the jurisdiction of that court to hear the cause at all, and further decreeing he was not entitled to compensation from the appellee, after setting aside an award of $450 to him for such compensation the Industrial Accident Board had entered against the appellee on May 4 of 1937.

■ Appellant had been satisfied with the Board's award, and made no move of any sort to disturb it; the appellee, on the contrary, in due time and manner, properly resorted to the county court at law for the purpose of having such award set aside, and so succeeded, as just recited, in a trial there on the facts, after the appellant had staked his whole interest in that court—through his stated plea to its jurisdiction—on his claim that such court was without jurisdiction to entertain the appellee's suit there to set aside the award, to repeat it in the language of his brief: "By reason of the fact that the claim filed with the Industrial Accident Board described in general terms an injury to the right hand and fingers of appellant, and it was appellant's contention in the trial court that, since the maximum amount recoverable for such an injury would be a sum beyond the jurisdiction of the county court at law of Harris County, Texas, said appeal should have been prosecuted to the district court of Harris County, Texas, and that the county court at law of Harris County, Texas, did not have jurisdiction, and accordingly appellant filed his plea to the jurisdiction."

The learned trial court has supported its judgment in all respects with full findings of both fact and law, and the appellant has not assigned as error any finding of either sort in this court; on the contrary, his brief confesses that he had been mistaken as to the law in so standing upon his plea in abatement below, and that the Supreme Court has since so declared, in these holdings: Booth v. Texas Employers' Ins. Ass'n, Tex.Com.App., 123 S.W.2d 322; Ætna Casualty & Surety Co. v. Ware, Tex.Com.App., 123 S.W.2d 332; Federal Underwriters Exchange v. Cost, Tex.Com.App., 123 S.W.2d 332; Robinson v. Commercial Standard Ins. Co., Tex.Com.App., 123 S.W.2d 337.

■ But, as indicated, although appellant neither filed a cross-action in the trial court seeking to recover compensation, nor introduced any evidence tending to show his right thereto, nor made any claim that he had justifiable excuse for having filed his claim late before the Industrial Accident Board—all in reliance upon his having so erroneously assumed that the trial court lacked jurisdiction to try the cause—

he thus states his presentment to this court: "Appellant is firmly convinced that, if given the opportunity, he can, by competent evidence, establish his right to compensation. Appellant is likewise convinced that equity and good conscience, as well as the foregoing authorities, should cause this Honorable Court to relieve him from the unpleasant position in which he finds himself and which position is through no negligence or fault upon his part, other than perhaps a failure of his counsel to gaze into the future and determine in advance that the Supreme Court of this State was going to render a decision changing the law that was the decided law of this State at the time of the trial."

He cites no authority upon which this court may reach down and extend him the requested aid, nor does any exist; on the contrary, the appealed from judgment, for aught that appears in the record, or is presented on this appeal, being an errorless one, under the practice, procedure, and statutes appertaining—nothing in effect being presented here for review—there remains no other course for this court than to affirm the action so taken by the court below. R.S. Article 1856; Fowler v. Hardee, Tex.Civ.App., 16 S.W. 2d 154, 157; Simmons v. Dickson, 110 Tex. 230, 218 S.W. 365; Harris v. Shafer, 86 Tex. 314, 23 S.W. 979, 24 S.W. 263; Texas Employers' Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982; Wiggins v. Stephens, Tex.Com.App., 246 S.W. 84; Tanner v. Imle, Tex.Civ.App., 253 S.W. 665, 669, writ dismissed; Hamilton v. Travelers Ins. Co., Tex.Civ.App., 116 S.W. 2d 414; National Life Co. v. McKelvey, 131 Tex. 81, 113 S.W.2d 160; Engbrock v. Haidusek, Tex.Civ.App., 95 S.W.2d 520, writ refused; A. Harris & Co. v. Cook, Tex.Civ.App., 62 S.W.2d 205; Hankins v. Minchew, Tex.Com.App., 285 S.W. 264; Wilson v. Standard Accident Ins. Co., Tex.Civ.App., 115 S.W.2d 453, writ dismissed; Bunn v. City of Laredo, Tex. Civ.App., 208 S.W. 675; affirmed, Tex. Com.App., 245 S.W. 426; 3 Tex.Jur. pp. 1143, 1222, and cases there cited.

Especially analogous are the Brandon and Hamilton cases, supra, both having to do with actions for compensation, in the former of which this applicable declaration was made [126 Tex. 636, 89 S.W.2d 984]: "For various equitable reasons the employee calls upon us to remand the cause to the trial court. Were the ques-

tion one of whether, having reversed the judgment of the trial court, we should remand the case or render judgment, we would doubtless remand. But that is not the question. It is our view that the trial court committed no error. We cannot remand a cause unless reversible error was committed by the trial court."

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require an affirmance; it will be so ordered.

Affirmed.