**GROSS v. TEXAS EMPLOYERS INS. ASS'N.**

**No. 13797.**

Court of Civil Appeals of Texas. Dallas. April 11, 1947.

Rehearing Denied May 16, 1947.

Thomas H. Howard, of Dallas, for appellant.

Burford, Ryburn, Hincks & Ford and Robert E. Burns, all of Dallas, for appellee.

LOONEY, Justice.

This is a compensation suit. The Southwest Wheel, Inc., was the employer, Mitchell Gross, appellant, the employee, and Texas Employers Insurance Association, appellee, the insurance carrier. Appellee brought the suit in a District Court of Dallas County to set aside the final award of the Industrial Accident Board, which had ordered appellee to pay appellant $346.03, accrued compensation for temporary total, and lump sum payment of unmatured compensation for permanent partial disability to his right hand. Appellant answered the suit by a plea in abatement and motion to dismiss, based on the alleged ground that the District Court was without jurisdiction. In substance, this plea was based on the contention that the claim filed by appellant with the Industrial Accident Board did not state, in dollars and cents, the amount claimed, nor did it state facts from which the amount can definitely be determined; hence the amount awarded by the Board ($346.03) determined the amount in controversy, which being below the jurisdiction of the District Court, the motion to dismiss should be sustained. Other than the plea in abatement, appellant's answer contains simply a general denial.

Answering the plea in abatement, appellee alleged, in substance, that while appellant's claim before the Industrial Accident Board did not state in dollars and cents the amount claimed, nevertheless, it did state facts from which the amount claimed can be definitely determined, in that, in effect appellant claimed compensation for the total and permanent loss of the use of his right arm, as the result of an injury suffered while in course of his employment; for which, under the facts alleged, appellant would be entitled to compensation at the rate of $18.35 per week for 200 weeks, being an amount clearly within the jurisdiction of the District Court.

After hearing evidence, the court overruled the plea in abatement and motion to dismiss, set aside the award of the Industrial Accident Board, and adjudged that appellant take nothing and pay all costs accrued, from which this appeal was taken.

Appellant urges but one point of error; that is, "The District Court erred in overruling appellant's plea in abatement and motion to dismiss the appeal and in rendering judgment setting aside the final award of the Industrial Accident Board."

■ The facts are these: In his claim for compensation, filed with the Industrial Accident Board, appellant alleged the nature and extent of his injury as follows: "My right hand, all fingers, wrist and arm, and all tendons, leaders, ligaments, muscles, muscular attachments, nerves, blood vessels, all soft tissue, bones, bony parts, etc., were broken, fractured, twisted, sprained, strained, pulled loose, torn loose, damaged and injured." He also alleged that his rate of pay at time of receiving the injury was 65 cents per hour; that he worked 8½ hours per day, six days per week.

Dr. Joe McGuire, a licensed, practicing physician and admittedly a qualified expert, being shown appellant's description of the injury to his arm, as contained in his claim filed with the Board, was asked the effect such injuries would have on an arm—what condition an arm thus injured would be left in; answered, in substance, that the arm would be locally dead—an arm thus mangled couldn't live, and possibly the individual couldn't live—the arm couldn't function even if it didn't have to be amputated; was then asked whether or not, in his opinion, the description of the injury to the arm was equivalent or tantamount to an allegation of total and permanent loss of the use of the arm; answered "Yes, that would be the result." Was then asked "Is there any question in your mind—A. Not a bit."

On the assumption that in stating the nature and extent of his injury, appellant, in effect, alleged that he sustained the loss of his right arm, or the total and permanent use thereof, and we think such

conclusion inescapable,—and having also alleged that the rate of his pay at the time entitled him to $18.35 per week, and being entitled under the statute to such compensation for 200 weeks, Vernon's Ann.Civ.St. art. 8306, § 12, clearly we think the claim filed by appellant with the Accident Board stated facts from which the amount in controversy can be definitely determined to be an amount within the jurisdiction of the District Court.

The case, in our opinion, is controlled by Rule (3) announced by the Supreme Court in Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322, 331, as follows: "(3) When the claim filed with the board shows the amount claimed, in dollars and cents or by statement of facts from which the amount can definitely be determined and the award of the board is less in amount than that of the claim, the amount shown by the claim is the amount in controversy and the suit should be filed in the court having jurisdiction of that amount."

We do not think the court below erred in overruling appellant's plea in abatement and motion to dismiss; and, appellant having failed to file a cross-action or offer evidence as to the merits of the case, we do not think the court erred in setting aside the award of the Board and in adjudging that appellant take nothing. See Morris v. Maryland Cas. Co., Tex. Civ.App., 130 S.W.2d 1080. It follows that we are of opinion the judgment below should be affirmed, and it is so ordered.

Affirmed.