In the Interest of Anthony Joseph
**KAMONT, a minor.**

No. 8666.

Court of Civil Appeals of Texas,
Amarillo.

April 19, 1976.

Rehearing Denied May 17, 1976.

Jack Hazlewood, Amarillo, for appellant.

Morehead, Sharp, Tisdel & White, Charles G. White, Plainview, for appellee.

REYNOLDS, Justice.

The Texas Family Code question determinative of this appeal is whether a parent's pending suit affecting the parent-child relationship is subject to dismissal without a resolution of the merits when it is shown that the other parent is entitled to possession of the minor child, who is within this state for less than twelve months, by virtue of a valid order by a court of another state. We hold that it is. Affirmed.

During the marriage of Amaryllis Floy Bryan and Joseph Anthony Kamont there was born a son, Anthony Joseph Kamont, whose interest is involved in this, the latest litigation between the parents. Amaryllis and Joseph were divorced by a 12 January 1973 decree of the Circuit Court of Okaloosa County, Florida, which adjudged that Amaryllis, who then lived with Anthony in Amarillo, Texas, was to have custody and control of Anthony and that Joseph was to have reasonable visitation rights. On 17 April 1973, upon the complaint of Amaryllis that Joseph had removed Anthony from Texas to Florida in violation of the court's order, the Florida court ordered that Anthony be returned to Amaryllis pending a final hearing. On the following day, Joseph filed in the proceedings his petition for a change of custody. At the final hearing of these matters, on 2 July 1973, the Florida court changed the permanent custody of Anthony to Joseph. Thereafter on 23 July 1973, Joseph instituted habeas corpus proceedings in the Chancery Court of the Second Judicial District of Harrison County, Mississippi, seeking to compel Amaryllis to surrender custody of Anthony to him. Amaryllis joined the issue. The appellate record does not reveal an order making disposition of the Mississippi proceedings. Subsequently, Amaryllis petitioned the Florida court to modify its 2 July 1973 judgment to vest her with custody of Anthony. The Florida court then entered its 7 August 1974 judgment denying the change of custody application, but permitting Amaryllis reasonable visitation rights, including the right to have Anthony visit with her outside the State of Florida at specified times.

On 2 September 1975, during a Texas visitation with Anthony permitted by the Florida court's 7 August 1974 order, Amaryllis instituted the present proceedings in the 64th Judicial District Court of Hale County, Texas. Alleging that the July 1973 order by the Florida court vesting custody in Joseph is not entitled to full faith and credit because that court did not have jurisdiction of the subject matter or of her, Amaryllis sought judgment declaring that the January 1973 order of the Florida court granting her custody is valid and in full force, decreeing that she be appointed managing conservator of Anthony, and requiring Joseph to contribute to Anthony's support. She also sought an immediate order of temporary right to possession of Anthony and a temporary restraining order to prevent Joseph from interfering with her possession. Attached to the pleadings was Amaryllis' affidavit, sanctioned by V.T. C.A., Family Code § 14.08 (1975), to accom-

pany a motion to modify a former order providing for managing conservatorship or support, alleging matters why continued possession by Joseph will endanger the physical health and impair the emotional development of Anthony.

On presentation of the pleadings, the trial court entered, without notice, an order appointing Amaryllis temporary managing conservator and restraining Joseph from removing Anthony from the care of Amaryllis or the jurisdiction of the court pending notice and a hearing. The hearing was set for 12 September 1975 to determine whether the order should be continued until a final decree was entered in the suit.

On the day set for the hearing, Joseph appeared and answered. He pleaded, among other matters, that full faith and credit should be given to the Florida court's decrees and that the court should order Amaryllis to immediately deliver Anthony to him.

The court heard the testimony given by Amaryllis and Joseph, together with the exhibits introduced, and, pending submission of briefs by counsel, continued in effect its 2 September 1975 order. On 20 November 1975, the trial court rendered judgment, consistent with its findings of fact and conclusions of law, to the effect that it had no jurisdiction over Amaryllis' suit except to the extent of ordering Anthony returned to Joseph pursuant to the Florida court's decree. Specifically finding that Amaryllis had been duly served and appeared in person and by attorney in the Florida proceedings culminating in the 7 August 1974 judgment, which has not been modified, and that Anthony had not been in Texas for at least twelve months immediately preceding the filing of the present proceedings, the court concluded as matters of law that: (1) the Florida court had jurisdiction over the subject matter and the parties; (2) the 7 August 1974 Florida judgment is valid and entitled to full faith and credit; (3) Anthony should be returned to Joseph; and (4) the trial court had no jurisdiction to pro-

ceed further with Amaryllis' suit. Amaryllis has appealed.

Although Joseph's pleadings were not cast in the classic habeas corpus mold, they were sufficient to invoke the application of V.T.C.A., Family Code § 14.10 (1975),* reading, in part:

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that the previous order was granted by a court of another state or nation and that:

(1) the court did not have jurisdiction of the parties; or

(2) the child has been within the state for at least 12 months immediately preceding the filing of the petition for the writ.

■ Neither the trial court's factual findings nor their evidentiary support has been attacked. Thus, under the clear direction of the statute, when the court found that the right to possession of Anthony, who had been in Texas less than a year, is governed by the valid, unmodified Florida court judgment, the trial court was required to disregard Amaryllis' pending suit, the legal effect of which was to seek a modification of the Florida judgment, and to compel the return of Anthony to Joseph pursuant to the Florida judgment.

■ Notwithstanding, Amaryllis first contends that as a matter of law § 14.10 does not operate to deprive the court of jurisdiction to determine her prior, pending suit affecting the parent-child relationship brought under Chapter 11 of the Family Code. The crux of her argument is that her suit was a new and independent action

---

* Subsequent references to sections are to those sections appearing in V.T.C.A., Family Code.

involving the full jurisdiction of the court to determine the question of managing conservatorship for the best interest of Anthony, and that § 14.10 does not bar its consideration because § 14.10 applies only to a cross-action filed in response to a habeas corpus proceeding or to a pending motion to modify a *Texas* judgment. We do not consider the contention tenable.

Obviously, § 14.10 was enacted to change the former Texas law viewing a contested habeas corpus proceeding as a new and independent custody suit in which the right to relief depended on proof of a material change of conditions affecting the best interest of the minor child since the last adjudication. See, e.g., *Bukovich v. Bukovich,* 399 S.W.2d 528 (Tex.1966). The change worked by subsections (a) and (b) of § 14.10 limits habeas corpus proceedings to the issue whether the applicant is entitled to possession of the child by virtue of a previous court order, either domestic or foreign. If so, the court is directed to disregard any pleading, filed either before or after the habeas corpus issue arises, which seeks to relitigate the right to the child's possession. To accept the argument that § 14.10 applies only to a cross-action or to a pending modification of a Texas judgment and not that of another state would be to reinstate the law changed by the Family Code and would encourage, clearly contrary to the statutory wording, a race to the courthouse by the non-possessory local parent seeking to use the recent presence of child in this state as the means to relitigate the issue adjudicated by the court of another state. This we may not do. The first point is overruled.

 Secondly, Amaryllis complains that the trial court erred in dismissing her suit because she is entitled to her day in court to show a want of jurisdiction in the Florida court. In presenting the complaint, Amaryllis has not attacked the trial court's finding of jurisdiction in the Florida court or the sufficiency of the evidence to support that finding; she merely suggests that the evidence she offered is not all the evidence she would offer at a final hearing.

The complaint comes too late. Amaryllis was not denied the right to offer any evidence available to her on the issue of jurisdiction. We are not authorized to reverse a judgment we find to be correct to allow the losing party an opportunity to introduce evidence that was not offered in the trial court. See *Simmons v. Dickson,* 110 Tex. 230, 218 S.W. 365 (1920).

The judgment is affirmed.