DICKSON v. LIGHTS et al. (No. 353.)

(Court of Civil Appeals of Texas. El Paso. Oct. 29, 1914. Appellees' Rehearing Denied Nov. 12, 1914. Appellant's Rehearing Denied Nov. 19, 1914.)

1. CONSPIRACY (§ 22*)—FAILURE OF PROOF—RECOVERY FOR LIBEL AND SLANDER.

A petition for libel and slander against many defendants which alleged a conspiracy to injure plaintiff and his good name authorizes a recovery against those actually libeling plaintiff, though no proof is made of the conspiracy; since the charge of conspiracy will be considered surplusage.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 24; Dec. Dig. § 22.*]

2. LIMITATION OF ACTIONS (§ 127*)—AMENDED PLEADING—LIBEL AND SLANDER.

Where an amended petition charged defendants who were not charged in the original complaint with libelous statements made more than a year before the filing of the amended petition, the one-year statute of limitations applied. Rev. St. 1911, art. 5685.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

3. LIBEL AND SLANDER (§ 45*) — QUALIFIED PRIVILEGE—MALICE.

Statements made in a church convention during a campaign for state-wide prohibition against a minister of the church who was opposed to a constitutional amendment for that purpose are qualifiedly privileged, and actual malice must be shown.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 138–140; Dec. Dig. § 45.*]

4. LIBEL AND SLANDER (§§ 51, 123*)—QUALIFIED PRIVILEGE — MALICE — QUESTION FOR JURY—EVIDENCE.

The question of malice in case of qualifiedly privileged statements is a question of fact for the jury, and its existence may be evidenced by extraneous facts and circumstances, or intrinsically by the violence of the language used, the circumstances attending the publication, the known falsity, etc.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 149, 356–364; Dec. Dig. §§ 51, 123.*]

5. LIBEL AND SLANDER (§ 123*)—QUALIFIED PRIVILEGE — MALICE — EVIDENCE—QUESTION FOR JURY.

Statements made in a church convention during a campaign for state-wide prohibition accusing a minister of the church who opposed the adoption of a constitutional amendment for that purpose with having sold out to the saloon men and calling him a rascal, a disgraceful saloon puller, and whisky agent, etc., *held* sufficient to take the question of actual malice, necessary in qualifiedly privileged statements, to the jury.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356–364; Dec. Dig. § 123.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action for libel and slander by W. L. Dickson against F. L. Lights and others. From a judgment entered on a directed verdict, plaintiff appeals. Affirmed as to part of the defendants and reversed as to the other part.

R. M. Love and Green & Boyd, all of Houston, and Mike E. Smith and Leonard M. Levy, both of Ft. Worth, for appellant. Andrews, Streetman, Burns & Logue, of Houston, and Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for appellees.

HIGGINS, J. This was a suit by appellant for libel and slander. Dickson was a member of, and minister in, the Colored Baptist Church, and defendants were likewise members thereof; most of them being ministers. Plaintiff was the founder, president and manager of the Dickson Orphan Home, a colored orphanage, dedicated to the education and rearing of colored orphans under Christian influence. During the campaign for state-wide prohibition in 1911, plaintiff opposed the adoption of the constitutional amendment. It was alleged that the defendants had conspired and combined to injure plaintiff and his good name, and in pursuance thereof, at various conventions of the church had introduced and passed resolutions reflecting upon him and expelling him from membership in the different conventions, which resolutions were adopted without notice or hearing; that at said conventions the defendant in addresses there made had asserted of and concerning plaintiff that he was not fit to be on the program, because he had sold out to the saloon men, was unworthy, a grafter, and grand rascal; that he had sold out the orphans and whole Baptist denomination, and had brought shame and disgrace on the Baptists and negroes generally; that he stood for the open saloon and debauchery of his race, and his church had excommunicated him and revoked his

ordination papers; that he was a disgraceful saloon puller and whisky agent, and his position as a minister and church leader should be taken from him; that in the adoption of such resolutions and making of such statements defendants were animated by malice, and acted in pursuance of the conspiracy mentioned. The petition is very lengthy, and the foregoing is a brief statement of its substance.

[1] There is no proof of a conspiracy, but at different conventions some of the defendants made addresses in which plaintiff was referred to and accusations made against him substantially as alleged.

In support of the propriety of the peremptory instruction appellees first submit that it was properly given, because the gist of the action was the alleged conspiracy, and there is no evidence of a prior agreement or concerted action, in relation to the matters complained of. The gist of the tort was the injury done, and though plaintiff failed in his proof of a conspiracy or concerted design, he may yet recover against such of the defendants as are shown to be guilty of the tort without such agreement. Proof of conspiracy was important only in so far as it affected his right to hold responsible others than the active wrongdoers. This being an action founded in tort, one defendant may be found guilty and the other have a verdict in his favor, and in so far as concerns the liability of the active tort-feasors, the charge of conspiracy should be considered as surplusage, not necessary to be proven. 8 Cyc. 647; 38 Cyc. 519; Van Horn v. Van Horn, 52 N. J. Law, 284, 20 Atl. 485, 10 L. R. A. 184; Jones v. Baker, 7 Cow. (N. Y.) 445; Hutchins v. Hutchins, 7 Hill (N. Y.) 104; Laverty v. Vanarsdale, 65 Pa. 507.

So far as we are informed by appellant's brief, defendants F. L. Lights, J. W. Bailey, Edward Weaver, Sr., J. M. Codwell, C. L. McPherson, A. W. Moss, E. M. Griggs, T. W. Dailey, W. M. Rodgers, H. R. Wilson, and A. Atkinson do not appear to have been active wrongdoers in the tort complained of; and proof of concerted design and action being lacking, the verdict as to them was properly instructed, and the judgment will be affirmed.

[2] The conventions at Bryan, Ft. Worth, and Dallas were held more than a year before the filing of the amended pleading upon which the cause was tried. The utterances of L. K. Williams, A. Barber, R. B. Francis, and P. W. Wesley were made at these conventions, and since they were not complained of in the original petition, the one-year statute of limitation applied (article 5685, R. S.), and as to them, also, the verdict was properly instructed, and the judgment will be affirmed. This leaves only to be considered the liability of J. E. Boyd, J. S. Simmons, and F. B. Williams, for their utterances.

[3] In their behalf, it is urged that the statements made were privileged, and there is no evidence of malice. The libelous resolutions and slanderous statements were qualifiedly privileged and in such case actual malice must be shown. In other words, the presumption of malice which would ordinarily arise does not apply in such a case, and the burden rested upon the plaintiff of proving that the publication of the libel and circulation of the slander was prompted by malice—not merely the malice which the law implies, but actual malice. Cranfill v. Hayden, 97 Tex. 544, 80 S. W. 609.

[4] This issue of malice is a question of fact for the jury, and its existence may be evidenced by extraneous facts and circumstances or intrinsically, as by the violence of the language used, the circumstances attending the publication, its known falsity, etc. 13 Am. & Eng. Ency. Law (1st Ed.) pp. 426–432; Behee v. Railway Co., 71 Tex. 424, 9 S. W. 449; Holt v. Parsons, 23 Tex. 9, 76 Am. Dec. 49.

[5] The intemperance of the language used, the scandalous nature of the charges made, coupled with the vile nature of the epithets applied to the plaintiff, are strongly indicative of a decided animus against him. This alone was sufficient to carry the issue of malice to the jury, and the court erred in withdrawing same, so far as concerns the three last-named defendants.

Reversed and remanded as to J. E. Boyd, J. S. Simmons, and F. B. Williams; affirmed as to the other appellees.