McBROOM v. WEIR et al. (No. 8335.)

(Court of Civil Appeals of Texas. Dallas. March 6, 1920.)

1. APPEAL AND ERROR ☞692(1) — ASSIGNMENT TO EXCLUSION OF TESTIMONY ON BILL NOT SHOWING WHAT WITNESS WOULD HAVE TESTIFIED NOT CONSIDERED.

An assignment of error to the exclusion of testimony, based on bill of exception, which does not purport to show what the witness would have testified with reference to the matter under inquiry, cannot be considered.

2. APPEAL AND ERROR ☞728(2) — ASSIGNMENT TO EXCLUSION OF TESTIMONY BASED ON BILL NOT MENTIONING WITNESS' NAME, ETC., IS WAIVED.

Assignment of error to the exclusion of testimony, based on a bill of exceptions, not mentioning the witness' name or what testimony of his was excluded, must be considered as waived, and cannot be entertained by the Court of Civil Appeals.

3. APPEAL AND ERROR ☞1056(2)--EXCLUSION OF IMMATERIAL TESTIMONY HARMLESS.

In an action for libel against individuals, the suit not being against them as members of a county council of defense during the war with Germany, or against the council as such, so far as the petition stated, exclusion of testimony as to who were the members of the council was immaterial and not reversible error.

4. LIBEL AND SLANDER ☞43, 123(8)--LIBERTY LOAN SOLICITOR IN DISTRIBUTING CIRCULARS CONCERNING A NONSUBSCRIBER HELD PRIVILEGED.

Where a member of a Liberty Loan committee, during the war with Germany, while soliciting subscriptions to bonds, distributed circulars, prepared by the county council of defense, and claimed to contain a libelous statement concerning plaintiff, who had refused to subscribe, his acts, claimed to be done in discharge of a public duty, were privileged in a limited sense, and the trial court, in plaintiff's action for libel against him and others, properly refused to instruct peremptorily for plaintiff as against him.

5. JUDGMENT ☞256(2)--JUDGMENT MUST ACCORD WITH FINDINGS ON SPECIAL ISSUES.

The trial court, under the law, was bound to render judgment according to the findings on special issues submitted to the jury.

---

Appeal from District Court, Hill County.

Action by Jesse McBroom against H. E. Weir and others. From judgment for defendants plaintiff appeals. Affirmed.

Shurtleff & Cummings, of Waco, for appellant.

N. J. Smith, J. J. Averitte, Wear & Frazier, and Vaughan & Alney. all of Hillsboro, for appellees.

TALBOT, J. This suit was instituted by appellant to recover $25,000 for the publication and circulation of libelous matter concerning him in Hill county, as follows:

"Jesse McBroom. Whereas, the committee engaged in the campaign for subscription to the Fourth Liberty Loan Bond Issue have reported to the committee of the Liberty Loan organization that one Jesse McBroom, a citizen of Hill county, Texas, has refused to subscribe for liberty bonds of any issue, though his tax rendition shows that he renders for taxed property in excess of six thousand dollars, the right to which is secured by the United States government, which is being supported by the blood and sacrifice of the lives of brave boys who went from this country and engaged in the great war of Europe:

"Therefore, be it resolved by this organization, the County Council of Defense, that such conduct on the part of the said Jesse McBroom is not only reprehensible, but is unworthy of an American citizen, and indicates the spirit of a slacker. By the term 'slacker' we mean to convey the idea that one whose liberties and property are protected by a government supported by the sacrifices which are being made by the brave American soldier, and refuses to aid the government to the extent of his ability, is a traitor to his country and a disgrace to his community.

"Be it further resolved that we pledge our undivided sympathy and support to the Hill County Liberty Loan Organization in its effort to give wide publicity to these resolutions and thus condemn the said Jesse McBroom on account of his great dereliction of duty as an American citizen.

"We further call upon those living in the community where the said McBroom happens to reside to shun him as they would a traitor, upon the theory that one who is able to give assistance to his government and refuses to do so in the face of the crisis that is now confronting this government, deserves such condemnation as would be given a traitor to his country."

Plaintiff alleged that the defendants conspired among themselves and with other persons to the plaintiff unknown, and that an agreement and conspiracy was formed by them to cause the publication and circulation of said handbill, and further:

"Plaintiff alleges that, if he be mistaken in the allegation that the defendants herein, or any of them, caused the publication of the said circular and handbill containing the words set out above, then he charges the fact to be that after the circular and handbill was printed that the defendants herein, and each of them, joined in the conspiracy to injure the plaintiff's

good name, and to expose him to public hatred, contempt, and ridicule and cause him to suffer financial injury, etc., and that defendants, and each of them, after said circular was printed, carried said circular over Hill county and distributed them to divers persons, the names of whom are unknown to this plaintiff."

Defendants answered by general demurrer, general denial, and specially answered, viz.:

"That said resolutions were prepared and signed by W. C. Wear, without knowledge on the part of either of these defendants, and presented to said Hill county council of defense, and they were duly and legally adopted at a meeting of said Hill county council of defense after full and fair discussion, and at a meeting thereof duly and legally held; that the Hill county council of defense is an organization organized under and by virtue of the laws of Congress of the United States of America, as well also the laws of the state of Texas, and the purpose of its organization is that questions of interest of the United States Government and its people might be duly and properly considered, and the interest of the people protected, and particularly during the existence of the great war between Germany and its allies on one side and the government of the United States of America and its allies on the other.

"These defendants allege that they had nothing to do with the presentation, discussion, or adoption of said resolution; that neither of these defendants was present at the time said resolutions were presented, discussed, or adopted; that they knew nothing of any purpose to prepare any such resolutions; that after the adoption of said resolutions two of these defendants, members of said soliciting committee as aforesaid, attended a meeting of the Hill county council of defense at the request of the county chairman thereof, and were called upon by said Hill county council of defense, in a meeting duly and legally held, to make a statement with reference to the facts which were thought by the Hill county council of defense to justify the adoption of said resolutions.

"It was then developed that the committee had treated the said Jesse McBroom with kindness and courtesy; that they used all reasonable and proper persuasion to induce him to purchase bonds of the Fourth Liberty Loan; that he persistently refused to make any such purchase or subscription; that he said the boys who went from this county to fight the battles of this country in Europe could do as they pleased, and he would do as he pleased; that he would not purchase any bonds or subscribe therefor unless he was compelled to do so; and these defendants in this connection alleged, if he has purchased any bonds, they charge the fact to be that it was since the adoption of the resolution by the Hill county council of defense as hereinabove mentioned; that the statement made by the members of said committee were made in the meeting of the Hill county council of defense aforesaid, and in direct response to the request and demand made of said members of said committee by said chairman of the Hill county council of defense, namely, R. M. Vaughan, and the said members of said committee would not have made any statement with reference thereto at

the time and place aforesaid, except and unless they had been called upon by the said Hill county council of defense to make such statement; and in this connection these defendants further allege that they would have not been present at said meeting except they had been requested to be present by the said R. M. Vaughan, chairman of the Hill county council of defense aforesaid; that said statement was made without any malice or ill will toward the plaintiff, and was and is a privileged communication; and these defendants specially deny that they had anything to do with or knowledge of the publication of said resolutions after they were adopted by the Hill county council of defense as aforesaid, until they were published and distributed, and such knowledge came to these defendants by reason of such publication and in the manner that such publication reached any other citizen."

A trial resulted in a verdict on special issues submitted to the jury and adjudged for the defendants, and plaintiff appeals.

The jury, by its verdict, found, in answer to the issues submitted, as follows:

"If you have found that the circular described in plaintiff's petition read before you was circulated by the defendants, then answer whether such circulation was maliciously done.

"Answer: No.

"[Signed] J. W. Langford, Foreman.

"Did H. E. Weir enter into a conspiracy with R. L. Utley or J. W. Hawkins to circulate the circular relating to Jesse McBroom introduced in evidence before you?

"Answer: No.

"[Signed] J. W. Langford, Foreman.

"Did R. L. Utley enter into a conspiracy with H. E. Weir or J. W. Hawkins to circulate the circular relating to Jesse McBroom introduced in evidence before you?

"Answer: No.

"[Signed] J. W. Langford, Foreman.

"Did J. W. Hawkins enter into a conspiracy with H. E. Weir or R. L. Utley to circulate the circular relating to Jesse McBroom introduced in evidence before you?

"Answer: No.

"[Signed] J. W. Langford, Foreman.

"What amount of money, if paid now in cash, will reasonably compensate the plaintiff, Jesse McBroom, for actual damages, if any, sustained by him by reason of the circulation by H. E. Weir of the circular introduced in evidence before you?

"Answer: None.

"[Signed] J. W. Langford, Foreman."

The first assignment of error presented by appellant is:

"The court erred in not permitting the witness Lee Baker, while on the stand, to testify to the acts and conduct of Mr. Jeff Burdette with reference to the circulars circulated about the plaintiff, as shown by plaintiff's bill of exception No. 1."

Proposition under said assignment:

"Plaintiff having alleged a conspiracy between the defendants and other parties unknown to him, to issue and cause to be circulated the libelous circular in question, the excluded testimony was material to show the conspiracy as alleged, the manner and method by which it was carried out, and the connection which Mr. Jeff Burdette and the other persons present at the Liberty Loan meeting at the Y. M. B. L. rooms, mentioned by witness, had with forming and carrying out such conspiracy."

[1] Appellees object to the assignment on the grounds:

"(a) It is based upon bill of exception No. 1, and the bill of exception is incomplete, in that it does not show the grounds of the objection made, so that this court may determine whether or not error was committed by the trial court. (b) It does not show that any testimony was offered which was objected to, in that the evidence, as shown by the bill of exception, established the fact that Jeff Burdette was in the room, and to that no objection was made, but objection was offered to prevent proof of what Burdette may have done after he was in the room. (c) The bill does not purport to show what the witness Lee Baker would have testified with reference to what Jeff Burdette did after he came into the room."

We think this objection to the first assignment is well taken, as the witness was testifying in behalf of plaintiff, and the bill of exception does not show what the witness would have testified, therefore this court cannot tell that his testimony would have been material, which renders the bill ineffective to require this court to consider it, and the assignment is overruled.

[2] Appellant's second assignment is as follows:

"The court erred in not permitting the witness Wiley Fowler to testify as to whether or not the person he received the Jesse McBroom circular from was a member of the committee of which H. E. Weir was chairman, as fully shown by plaintiff's bill of exception No. 3."

Appellant refers to bill of exception No. 3 to show the erroneous ruling of the court, but said bill does not mention Wiley Fowler's name, or what testimony of his was excluded by the court; hence said assignment must be considered as waived and not entertained by us.

[3] Appellant's third assignment is:

"The court erred in not permitting the witness R. M. Vaughan to answer the following question, 'Q. Who were the members of the county council of defense?' as shown by plaintiff's bill of exception No. 2."

This suit is not against the council of defense or any of its members, as far as the petition states; therefore we take it that the ruling of the court in excluding the testimony of the witness was immaterial and constituted no reversible error.

[4] The fourth assignment is:

"The court erred in failing to give to the jury plaintiff's peremptory instruction to find for

the plaintiff against the defendant H. E. Weir, as shown by plaintiff's bill of exception No. 4."

The contention of appellant is, in substance, that the evidence shows that said Weir distributed to citizens of Hill county some of said circulars which are alleged to be libelous per se.

The evidence of said Weir in relation to the distribution of said circulars is, in effect, that he had several of said circulars in his rounds soliciting for subscribers, and that if any persons asked him for one he gave it to them, and he only gave away four or five in that way. Said Weir was a member of the Liberty Loan committee, and in the discharge of his duty as such he was fulfilling a public duty, acting in good faith, without malice. Under the circumstances, such acts were privileged in a limited sense, and the court did not err in not instructing the jury as requested by appellant. Dickson v. Lights, 170 S. W. 834; Cranfill v. Hayden, 97 Tex. 544, 80 S. W. 609.

The fifth error assigned is:

"The court erred in overruling plaintiff's motion to set aside the findings of the jury with reference to the amount of damages Jesse McBroom was entitled to, as shown by plaintiff's bill of exception No. 5."

[5] As we have heretofore shown, the jury's answers to special issues found that no conspiracy existed between the defendants, plaintiff's action being based thereon, and the appellant only asking a judgment against H. E. Weir individually, and no malice proven by him, and no evidence being set out where either of the defendants circulated the circulars, we do not feel called upon to read the statement of facts to determine whether plaintiff was entitled to a verdict, as the court, under the law, was bound to render judgment according to the finding of the issues, which was done. Therefore the judgment is affirmed.

Affirmed.